**STATE of Iowa, Appellee,**

v.

**Timothy Will KUKOWSKI, Appellant.**

No. 05–0068.

Supreme Court of Iowa.

Oct. 7, 2005.

Douglas L. Tindal of Tindal & Kitchen, PLC, Washington, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, and Barbara A. Edmondson, County Attorney, for appellee.

CADY, Justice.

In this appeal from a judgment and sentence for third-offense operating while intoxicated, we review a challenge to the procedure governing the imposition of an increased penalty when a defendant has prior convictions and is found guilty of the current offense. We conclude the district court abused its discretion in failing to permit the defendant to withdraw an affirmation of a prior conviction after the district court required the defendant to personally affirm or deny the previous convictions charged by the State. We reverse and remand for further proceedings.

## I. Background Facts and Proceedings

Timothy Kukowski was found guilty following a jury trial of operating while intoxicated (OWI), in violation of Iowa Code section 321J.2(1), (2)(c ) (2003). He was charged with third-offense OWI, based on two prior convictions. The first prior OWI conviction allegedly occurred in Oregon on October 4, 1995. The second prior OWI conviction allegedly occurred in Oregon on April 22, 1996. However, the trial was confined to the facts of the current charge.

Immediately after the jury returned its guilty verdict on the current offense, and while the jury was still seated in the courtroom, the following exchange took place:

THE COURT: Okay. At this time, then, the Court is required to ask the defendant if he is the same Timothy Will Kukowski who was previously convicted in Douglas County District Court, in the State of Oregon, for Driving Under the Influence in case number 96CR0826FE on April 22, 1996?

(An off-the-record discussion was held between defense counsel and defendant.)

[DEFENSE COUNSEL]: Your Honor, is this something that has to be done in front of the jury?

THE COURT: Well, it has to be done in open court, and so I think that he does need to answer in front of the jury.

[DEFENSE COUNSEL]: I would like to enter a denial for him.

THE COURT: Well, I have to ask the defendant directly, according to the rule. Mr. Kukowski, are you the same Timothy Will Kukowski who was previously convicted in Douglas County District Court, in the State of Oregon, for Driving Under the Influence in case number 96CR0826FE on April 22, 1996?

THE DEFENDANT: I'm not sure.

THE COURT: Okay. Are you the same Timothy Will Kukowski who was previously convicted in Douglas County District Court, in the State of Oregon, for Driving Under the Influence in case number 94Z2831 on October 4, 1995?

THE DEFENDANT: Yes.

THE COURT: You are the same?

THE DEFENDANT: '95.

THE COURT: In 1995. Okay. With respect to that conviction, were you represented by counsel?

THE DEFENDANT: Yes.

THE COURT: Okay. With respect to your response that you're not sure, I will take that as a denial and assume you want a trial on that issue. Mr. Tindal, does your client want the same jury reconvened to hear the trial of that issue?

[DEFENSE COUNSEL]: No.

The court then dismissed the jury.

Kukowski later waived a jury trial on the prior convictions and consented to a bench trial. Prior to trial, his attorney moved to withdraw Kukowski's admission to the 1995 conviction. Kukowski claimed the procedure used by the court to obtain the admission was flawed because it did not allow his attorney to respond to the court's inquiry and because the court failed to engage in a colloquy with him to ensure the affirmation was voluntary and intelligent.

The district court denied the request to withdraw the admission. It concluded that Iowa Rule of Criminal Procedure 2.19(9) did not permit defense counsel to speak on behalf of a defendant, but rather required the defendant to personally affirm or deny that he or she was the same person previously convicted and state whether he or she was represented by counsel at the time.

The court then held a trial on the issue of whether Kukowski was the person convicted of driving under the influence in Oregon on April 22, 1996. It concluded he was the same person, and that he was represented by counsel. In addition, the court found Kukowski's earlier admission was sufficient to prove he was convicted in Oregon on October 4, 1995. Therefore, the court found Kukowski guilty of third-offense OWI.

Kukowski filed a motion in arrest of judgment. He argued the court improperly interpreted Iowa Rule of Criminal Procedure 2.19(9) to require him to personally admit or deny the prior convictions. The court denied the motion and sentenced Kukowski to a period of imprisonment not to exceed five years, revoked his driver's license, and ordered him to pay various fines.

Kukowski appeals. He claims the district court abused its discretion in denying his motion to withdraw his admission to the 1995 conviction after his attorney was prevented from responding to the judicial inquiry concerning the prior convictions following the guilty verdict. Kukowski claims the procedure used by the district court after the guilty verdict violated his rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

## II. Principles of Review

 This case implicates a variety of reviewing standards. Claims having a constitutional basis are reviewed de novo. *See Rhiner v. State*, 703 N.W.2d 174, 176 (Iowa 2005) ("Issues of constitutional dimension . . . are reviewed de novo." (citing *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001))). Yet, we normally avoid constitutional claims when an appeal can be decided on other grounds. *See State v. Williams*, 695 N.W.2d 23, 30 (Iowa 2005) ("[W]e are constrained by our principles of self-restraint, including the longstanding rule that we will not decide constitutional questions when a case can be resolved on other grounds." (citing *Dubuque & D.R. Co. v. Diehl*, 64 Iowa 635, 640, 21 N.W. 117, 120 (1884); *State v. Button*, 622 N.W.2d 480, 485 (Iowa 2001); *State v. Quintero*, 480 N.W.2d 50, 51 (Iowa 1992))). Claims involving the interpretation of a statute or rule are usually reviewed for

errors at law. *State v. Green*, 680 N.W.2d 370, 372 (Iowa 2004) (citing Iowa R.App. P. 6.4; *State v. Hornik*, 672 N.W.2d 836, 838 (Iowa 2003)). However, in this case, the parties analogize the issue to that of a district court's denial of a motion to withdraw a guilty plea, which is reviewed for an abuse of discretion. *See State v. Blum*, 560 N.W.2d 7, 9 (Iowa 1997) ("It lies within the trial court's sound discretion whether to grant or deny a withdrawal of a guilty plea. We do not find an abuse of discretion unless the defendant shows it was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." (Citations omitted.)); *see also State v. Noonan*, 246 N.W.2d 236, 237 (Iowa 1976) (" 'The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal.' " (quoting *State v. Warner*, 229 N.W.2d 776, 783 (Iowa 1975))).

## III. Merits

When a defendant faces a charge that imposes an enhanced penalty for prior convictions, our law, in turn, imposes a two-stage trial. *State v. Monroe*, 236 N.W.2d 24, 37 (Iowa 1975). This procedure, adopted by our legislature some forty years ago, was designed to ensure a fair trial and combat the unfair prejudice visited upon the defense by the past practice of permitting prior conviction allegations to be submitted to a jury at the same time as the current charge. *State v. Wessling*, 260 Iowa 1244, 1259, 150 N.W.2d 301, 310 (1967).

The separation of the current offense and the prior convictions is first observed in the formal indictment that charges an enhanced punishment for prior convictions. *See* Iowa R.Crim. P. 2.6(5) (setting forth procedure for indictments when prior convictions are alleged). The State is required to file a supplemental charge that removes any reference to prior convictions, and the first trial is then limited to the facts of the current offense, with no mention of the prior convictions. *See id.* ("A supplemental indictment shall be prepared for the purpose of trial of the facts of the current offense only, ... except that it shall make no mention, directly or indirectly, of the allegation of the prior conviction, and shall be the only indictment read or otherwise presented to the jury prior to conviction of the current offense."); *see also State v. Oetken*, 613 N.W.2d 679, 687 (Iowa 2000) ("The purpose of the rule is to ensure an accused a fair trial on the primary charge by requiring the prosecution to file a supplemental information in which prejudicial references to a defendant's criminal history are deleted." (citing *State v. Cook*, 565 N.W.2d 611, 613 (Iowa 1997))). "If found guilty of the current offense," the defendant is then entitled to a second trial on the prior convictions. *Monroe*, 236 N.W.2d at 37. The prior convictions must be proven by the State at the second trial beyond a reasonable doubt, just as the current offense must be established at the first trial. *State v. Griffin*, 257 Iowa 852, 854, 135 N.W.2d 77, 78 (1965) (citations omitted). Generally, the State must prove the prior convictions at the second trial by introducing certified records of the convictions, along with evidence that the defendant is the same person named in the convictions. *See State v. Cameron*, 167 N.W.2d 689, 693 (Iowa 1969). The State must also establish that the defendant was either represented by counsel when previously convicted or knowingly waived counsel. *Id.* at 694 ("To permit a conviction obtained in violation of *Gideon v. Wainwright*[372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)] to be used against a person either to support guilt or enhance punishment for another offense is to erode the principle of that case." (Citations omitted.)).

The rule at issue in this appeal governs the procedure following the return of a guilty verdict on the current offense. It provides:

> (9) *Trial of questions involving prior convictions.* After conviction of the primary or current offense, but prior to pronouncement of sentence, if the indictment or information alleges one or more prior convictions which by the Code subjects the offender to an increased sentence, *the offender shall have the opportunity in open court to affirm or deny that the offender is the person previously convicted,* or that the offender was not represented by counsel and did not waive counsel. If the offender denies being the person previously convicted, sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person previously convicted. Other objections shall be heard and determined by the court, and these other objections shall be asserted prior to trial of the substantive offense in the manner presented in rule 2.11. On the issue of identity, the court may in its discretion reconvene the jury which heard the current offense or dismiss that jury and submit the issue to another jury to be later impaneled. If the offender is found by the jury to be the person previously convicted, or if the offender acknowledged being such person, the offender shall be sentenced as prescribed in the Code.

Iowa R.Crim. P. 2.19(9) (emphasis added). ▪ The rule gives the defendant an opportunity to affirm or deny the allegations the State is obligated to prove at the second trial. *Id.* The inquiry providing this opportunity must be conducted in open court. *Id.* If the defendant denies "being the person previously convicted," or asserts that the prior convictions were obtained without counsel and counsel was not waived, then the case proceeds to the second trial. *Id.* On the other hand, if the defendant affirms the validity of the prior convictions, then the case proceeds to sentencing. *Id.* An affirmative response by the defendant under the rule, however, does not necessarily serve as an admission to support the imposition of an enhanced penalty as a multiple offender. The court has a duty to conduct a further inquiry, similar to the colloquy required under rule 2.8(2), prior to sentencing to ensure that the affirmation is voluntary and intelligent. *See State v. Brady,* 442 N.W.2d 57, 58 (Iowa 1989) ("Rule [2.8(2)(*b*)] governs guilty pleas and does not expressly apply to a case in which a defendant is asked to admit or deny prior convictions for habitual offender purposes under rule of criminal procedure [2.19(9)].... Nevertheless, a defendant's admission of prior felony convictions which provide the predicate for sentencing as an habitual offender is so closely analogous to a plea of guilty that it is appropriate to refer to our rules governing guilty pleas...." (Citations omitted.)); *State v. McBride,* 625 N.W.2d 372, 374–75 (Iowa Ct.App.2001) ("[T]rial courts have a duty to ensure that defendants knowingly and voluntarily stipulate to having prior convictions. In order to knowingly stipulate, a defendant should have an adequate grasp of the implications of his or her stipulation." (Citation omitted.)); *see also Oetken,* 613 N.W.2d at 688 (indicating trial courts have a "duty to inform the defendant as to the ramifications of an habitual offender adjudication"); *State v. Bumpus,* 459 N.W.2d 619, 626 (Iowa 1990) ("In *State v. Brady,* 442 N.W.2d 57, 58 (Iowa 1989) we recognized the fact that an admission of prior felony convictions 'which provide the predicate for sentencing as an habitual offender is so closely analogous to a plea of guilty' that our rules governing guilty pleas should be applied."). Thus, much like an arraignment, the proceeding is

placed on the record, and the response of the defendant informs the State of the nature and extent of its remaining obligations in the case.

In this case, the district court interpreted rule 2.19(9) to require Kukowski to personally affirm or deny the prior convictions. It refused to allow his attorney to respond on his behalf. We do not think the rule imposes such a requirement.

First, while the rule indicates the defendant "shall ... affirm or deny," our rules of criminal procedure otherwise use specific language to indicate when a personal inquiry is required. *See* Iowa R.Crim. P. 2.8(2)(*b* ) ("Before accepting a plea of guilty, the court must address the defendant personally, in open court and inform the defendant of, and determine that the defendant understands . . . ."); *see also id.* r. 2.23(3)(*d* ) (stating that "the defendant personally, shall be allowed to address the court" if he or she "wishes to make a statement in mitigation of punishment."). Rule 2.19(9) excludes any reference to a personal inquiry. Second, this exclusion is consistent with the nature of the proceedings addressed by rule 2.19(9). The rule does not address the court's responsibility to ensure an admission by an offender to a prior conviction is voluntary and intelligent, and there is no necessity for a court to make a personal inquiry until it is first determined that the defendant desires to admit the prior convictions. *See* Iowa R.Crim. P. 2.8(1). As previously stated, the procedure addressed by rule 2.19(9) informs the State of its remaining responsibilities in the prosecution of the case. As in an arraignment, an attorney can provide the information sought by the rule on behalf of the defendant. Finally, we strive to interpret our criminal rules to avoid any conflict with constitutional rights of the defendant. *See Mitchell v. United States*, 526 U.S. 314, 326, 119 S.Ct. 1307, 1313, 143 L.Ed.2d 424, 436 (1999) (" 'The

essence of [the privilege against self-incrimination] is "the requirement that the State which proposed to convict *and punish* an individual produce the evidence against him by the independent labor of its officers, not by the simple, cruel expedient of forcing it from his own lips." ' " (quoting *Estelle v. Smith,* 451 U.S. 454, 462, 101 S.Ct. 1866, 1872, 68 L.Ed.2d 359, 368 (1981))). A defendant has the right to stand mute in a rule 2.19(9) proceeding and force the State to prove prior convictions beyond a reasonable doubt, and we will not interpret the rule in a manner that could interfere with that right.

Because the district court interpreted rule 2.19(9) to require the defendant to personally address the court, we think it abused its discretion in refusing to allow Kukowski to withdraw his admission. *See Wells Dairy, Inc. v. Am. Indus. Refrigeration, Inc.,* 690 N.W.2d 38, 43 (Iowa 2004) (" 'A ruling based on an erroneous interpretation of a . . . rule can constitute an abuse of discretion.' " (quoting *Exotica Botanicals, Inc. v. Terra Int'l, Inc.,* 612 N.W.2d 801, 804 (Iowa 2000))); *see also State v. Henderson,* 696 N.W.2d 5, 10 (Iowa 2005) (" 'An abuse of discretion occurs when the trial court "exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." ' " (quoting *State v. Greene,* 592 N.W.2d 24, 27 (Iowa 1999))). The court denied the request to withdraw the affirmation because it believed it had no authority to permit counsel to act on behalf of the defendant. This interpretation of the rule was incorrect, and revealed that the district court refused to exercise its authority to permit a withdrawal of the affirmation based on reasons that were untenable. *See Henderson,* 696 N.W.2d at 10 (stating discretion is abused when exercised on grounds clearly untenable).

Notwithstanding, "[e]ven if an abuse of discretion is found, reversal is

required only when the abuse is prejudicial." *Greene*, 592 N.W.2d at 27 (citing *State v. Caldwell*, 529 N.W.2d 282, 285 (Iowa 1995); *State v. Clark*, 325 N.W.2d 381, 383 (Iowa 1982)). An abuse is prejudicial "when the rights of the defendant 'have been injuriously affected' or the defendant 'has suffered a miscarriage of justice.'" *State v. Hartsfield*, 681 N.W.2d 626, 633 (Iowa 2004) (quoting *State v. Williams*, 574 N.W.2d 293, 298 (Iowa 1998); *State v. Hackney*, 397 N.W.2d 723, 729 (Iowa 1986)). In this case, the only evidence the district court relied on to find Kukowski was convicted of driving under the influence in 1995 was Kukowski's admission. If the court had accepted defense counsel's earlier denial of the prior convictions, then there would have been no other evidence before the court to support the prior conviction at issue. Thus, the error was clearly prejudicial. *See* Iowa R.Crim. P. 2.19(9) ("If the offender denies being the person previously convicted, sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person previously convicted.").

### IV. Conclusion

The district court abused its discretion by refusing to allow Kukowski to withdraw his admission because the district court misinterpreted rule 2.19(9), and this misinterpretation prejudiced Kukowski. We do not reach Kukowski's constitutional arguments because the case can be resolved on nonconstitutional grounds. *See Williams*, 695 N.W.2d at 30 ("[W]e are constrained by our principles of self-restraint, including the longstanding rule that we will not decide constitutional questions when a case can be resolved on other grounds." (citing *Dubuque & D.R. Co.*, 64 Iowa at 640, 21 N.W. at 120; *Button*, 622 N.W.2d at 485; *Quintero*, 480 N.W.2d at 51)). The judgment and conviction of third-offense OWI is reversed, and we remand the case for resentencing following further proceedings on the prior convictions.

**REVERSED AND REMANDED.**