# IN THE COURT OF APPEALS OF IOWA

No. 13-1575
Filed September 10, 2015
Amended September 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TY ANDRE PATRICK,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom (suppression hearing) and Lawrence P. McLellan (trial and sentencing), Judges.

Ty Patrick appeals the district court's denial of his motion to suppress and sentence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, John P. Sarcone, County Attorney, and Joseph D. Crisp, Assistant County Attorney, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Ty Patrick appeals the adverse ruling on his motion to suppress and the judgment and sentence entered for possession of marijuana, third offense, in violation of Iowa Code section 124.401(5) (2013), enhanced as a habitual offender pursuant to Iowa Code section 902.8. Patrick claims the stop of the car, in which he was a passenger, was unconstitutional and the evidence obtained from stop should have been suppressed. He also claims his trial counsel was ineffective for failing to object to an inadequate waiver of a jury trial for penalty enhancements. We find the district court properly denied Patrick's motion to suppress. We decline to address Patrick's ineffective-assistance-of-counsel claim, as the record is insufficient for us to address this issue. This issue is preserved for possible postconviction-relief proceedings.

## I.    BACKGROUND FACTS AND PROCEEDINGS

In May 2013, Des Moines police officers stopped a car because it had a cracked left rear taillight and was "showing white." As the officer approached the vehicle, he noticed a cellophane wrapper containing an unknown substance near Patrick, who was a passenger sitting in the backseat of the vehicle. After speaking with the driver, the officer asked the passengers (including Patrick) for identification. The officer noticed Patrick attempting to conceal the cellophane wrapper and ordered Patrick to get out of the car. Upon searching Patrick, the officer found a small plastic bag of marijuana and a glass pipe. The officer subsequently learned Patrick was wanted for a parole violation.

On June 11, Patrick was charged with possession of marijuana. The State also filed an amended trial information alleging Patrick had two previous convictions under Iowa Code chapter 124, which enhanced a serious misdemeanor to a class "D" felony. The State also alleged Patrick was a habitual offender, which further enhanced the penalty to an indeterminate term of incarceration of fifteen years with a three-year mandatory minimum sentence.

In August, Patrick filed a motion to suppress claiming the officer's stop of the car violated the United States and Iowa Constitutions. After a hearing, the court denied the motion.

A bench trial on the minutes was conducted in September and Patrick was found guilty. The court sentenced Patrick to an indeterminate term of incarceration not to exceed fifteen years.

Patrick now appeals.

## II. STANDARD OF REVIEW

Constitutional challenges are reviewed de novo. *State v. Kern*, 831 N.W.2d 149, 164 (Iowa 2013). We independently evaluate the totality of the circumstances based upon the entire record. *Id.* Deference is given to findings of fact made by the district court, but we are not bound by them. *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001).

## III. DISCUSSION

### A. Suppression

Patrick claims the district court should have suppressed the evidence found as a result of the search of the car in which he was a passenger because

the stop was unconstitutional. Specifically, Patrick claims the car's taillight was not cracked (the only reason given by the officer for pulling over the car) and therefore the evidence should be suppressed.

The Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution prohibit unreasonable search and seizures. "[S]topping an automobile and detaining its occupants constitute a 'seizure' . . . even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prous*, 440 U.S. 648, 653 (1979). Stopping a vehicle and detaining the occupant is not an *unreasonable* seizure when the officer has either (1) probable cause due to observation of a traffic violation or (2) reasonable suspicion, supported by articulable facts, a criminal act has occurred or is occurring. *State v. Tague*, 676 N.W.2d 197, 201–04 (Iowa 2004). If we find the officer had reasonable suspicion to initiate the stop, we will affirm the ruling of the district court.

Upon our de novo review of the record, we find the taillight was cracked thereby showing white light. While the car taillight color was obscured by the light from the officer's car during the first part of the stop, the taillight crack is visible when the car is loaded onto the tow truck. We find the officer had probable cause to stop the vehicle and affirm the district court's denial of Patrick's motion to suppress. We affirm Patrick's conviction.

## B. Ineffective Assistance of Counsel

Patrick claims his trial counsel was ineffective for failing to object to an inadequate waiver of a jury trial on the penalty enhancements, as required by

Iowa Rule of Criminal Procedure 2.19(9). In order to prevail, Patrick must show his counsel (1) failed to perform an essential duty, and (2) prejudice resulted. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Ordinarily we reserve claims of ineffective assistance of counsel raised on direct appeal for postconviction proceedings to allow full development of the facts surrounding counsel's conduct. *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). As discussed below, the record is not sufficiently developed to present the issue in this case, and this issue is best suited for a possible postconviction-relief hearing.

Since Patrick faced a possession charge that imposed an enhanced penalty for prior convictions and habitual offender status, the State was required to conduct a two-stage trial. *See* Iowa R. Crim. P. 2.19(9); *see also State v. Kukowski*, 704 N.W.2d 687, 691 (Iowa 2005). Once the jury found Patrick guilty of the possession charge, Patrick "shall have the opportunity in open court to affirm or deny that [he] is the person previously convicted." Iowa R. Crim. P. 2.19(9). If Patrick denied the previous convictions "then sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person previously convicted." *Id.* In *State v. Kukowski* our supreme court noted,

> An affirmative response by the defendant under the rule, however, does not necessarily serve as an admission to support the imposition of an enhanced penalty as a multiple offender. The court has a duty to conduct a further inquiry, similar to the colloquy required under rule 2.8(2), prior to sentencing to ensure that the affirmation is voluntary and intelligent.

704 N.W.2d at 692; *see also State v. Johnson*, 770 N.W.2d 814, 825–26 (Iowa 2009) (finding rule 2.19(9) applicable in both bench and jury trials); *State v. Doty*, No. 14-0249, 2014 WL 5249761 (Iowa Ct. App. Oct. 14, 2014) (finding appellant not prejudiced by lack of rule 2.19(9) colloquy because appellant admitted to prior convictions in plea agreement); *State v. Davenport*, No. 09-1699, 2010 WL 3503969 (Iowa Ct. App. Sept. 9. 2010) (finding where rule 2.19(9) colloquy was not conducted by court for sentencing enhancements, record was inadequate to address prejudice prong of ineffective-assistance claim, but claim was preserved for future postconviction-relief proceeding).

Patrick filed two jury trial waivers; neither addressed Patrick's right to a separate trial on the enhancements or made any mention of the prior convictions. The district court questioned Patrick on his jury trial waiver but did specifically address his right to a jury trial on the enhancements. Upon our review of the record, it is unclear if Patrick understood the implications of the sentencing enhancements. Therefore, we are unable to make a finding on whether Patrick's trial counsel breached an essential duty in failing to object to the court's omission.

We affirm Patrick's conviction but preserve Patrick's ineffective-assistance-of-counsel claim for possible postconviction-relief proceedings. *See State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002) ("Postconviction proceedings

allow an adequate record to be developed and allow the attorney charged with providing ineffective assistance an opportunity to respond to the defendant's claims.").

**AFFIRMED.**