# IN THE COURT OF APPEALS OF IOWA

No. 15-1630
Filed October 26, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JOHNNIE RAY STEIGER,**
　　　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Douglas C. McDonald (trial and plea) and Christine Dalton Ploof (sentencing), District Associate Judges.

Johnnie Steiger appeals two judgments for indecent exposure. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Johnnie Steiger appeals two judgments for indecent exposure (third or subsequent offense). The first was entered following a bench trial. At the conclusion of trial, Steiger stipulated to two prior convictions for sentencing enhancement purposes. The second judgment was entered in connection with a guilty plea. At the end of the guilty-plea proceeding, Steiger acknowledged his stipulation to the prior convictions.

On appeal, Steiger contends the district court (I) "failed to engage in a sufficient colloquy" about his stipulation to prior convictions in the first case and (II) failed to engage in a sufficient guilty plea colloquy in the second case.

## I.    *Colloquy on Stipulation to Prior Convictions*

Where the State alleges an offender has one or more prior convictions that may subject the offender to an increased sentence, Iowa Rule of Criminal Procedure 2.19(9) authorizes a second proceeding, "[a]fter conviction of the primary or current offense," in which "the offender shall have the opportunity in open court to affirm or deny that the offender is the person previously convicted, or that the offender was not represented by counsel and did not waive counsel." "The court has a duty to conduct a further inquiry, similar to the [guilty plea] colloquy required under rule 2.8(2), prior to sentencing to ensure that the affirmation is voluntary and intelligent." *State v. Kukowski*, 704 N.W.2d 687, 692 (Iowa 2005). Steiger challenges the district court's compliance with the obligation to conduct a rule 2.19(9) colloquy but preliminarily addresses the question of whether he preserved error.

Steiger concedes he "did not file any motion in arrest of judgment challenging his stipulation to the prior offenses." In his view, "such failure does not preclude a challenge to his stipulation on direct appeal because the district court failed to advise [him] either (1) of the right to challenge defects in his stipulation by filing a motion in arrest of judgment, or (2) that the failure to file a motion in arrest of judgment would preclude him from challenging his stipulation on appeal as required under rule 2.8(2)(d)." The State responds that "a stipulation to prior convictions is not a guilty plea" and "the rule governing the defendant's admission of prior convictions does not mention a requirement to file a motion in arrest of judgment" but "recognizes that the defendant must make some objections prior to or at the time of trial."

This court recently addressed the identical error preservation issue in *State v. Harrington*, No. 15-0308, 2016 WL 3556375, at *3 (Iowa Ct. App. June 29, 2016). There, as here, the defendant stipulated to his prior convictions and did not object to the sufficiency of the district court's rule 2.19(9) colloquy. *See Harrington*, 2016 WL 3556375, at *1-2. And there, as here, the defendant argued that this court could nonetheless review the sufficiency of the colloquy because the district court failed to advise him of his ability to challenge the colloquy by filing a motion in arrest of judgment. We stated, although

> a motion in arrest of judgment would have been an appropriate vehicle to challenge the enhancement proceedings in this case . . . the availability of that remedy [did] not mandate the district court provide a warning . . . that a failure to file a motion in arrest of judgment precludes the right to assert a challenge on appeal of a defect.

*Id.* at *3. Because the defendant did not alternatively raise the sufficiency of the rule 2.19(9) colloquy under an ineffective-assistance-of-counsel rubric, we concluded error was not preserved. *See id.*; *cf. State v. Peterson*, 11-1409, 2012 WL 3860730, at *4 (Iowa Ct. App. Sept. 6, 2012) (determining "the court's notice for the requirement to file a motion in arrest of judgment was insufficient" and deciding the issue on direct appeal where "the admissions at issue were made in conjunction with the guilty plea proceedings").

We find the reasoning of *Harrington* persuasive. Steiger had an obligation to object to the sufficiency of the rule 2.19(9) colloquy either by way of a motion in arrest of judgment or otherwise in order to preserve the issue for appeal. The district court's failure to advise him of the right to challenge the defects via a motion in arrest of judgment as well as the consequences of failing to file a motion did not obviate his obligation to object. Because Steiger failed to object and did not alternatively raise the issue as an ineffective-assistance-of-counsel claim, we conclude error was not preserved and we decline to address the sufficiency of the colloquy. We affirm the judgment and sentence for indecent exposure (third or subsequent offense) in the case involving the bench trial (SRCR369368).

## II.    *Guilty Plea Colloquy*

Steiger next challenges the sufficiency of the guilty plea colloquy in the second case. *See* Iowa R. Crim. P. 2.8(2)(b) (requiring the court to inform the defendant of various matters in a guilty plea proceeding). The State concedes error was preserved and concedes the guilty plea colloquy was insufficient.

We conclude the colloquy was inadequate.  We reverse the judgment and sentence in the guilty plea proceeding (SRCR369403) and remand for further proceedings to allow Steiger to plead anew.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**