# IN THE COURT OF APPEALS OF IOWA

No. 17-1258
Filed May 16, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL MAURICE CARTER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

Michael Carter appeals his convictions following guilty pleas to the charges of second-degree theft as a habitual offender and possession of marijuana, third offense. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Michael Carter appeals his convictions following guilty pleas to the charges of second-degree theft as a habitual offender and possession of marijuana, third offense. Carter claims the district court erred in accepting his stipulations to prior offenses for purposes of the habitual-offender and third-offense sentencing enhancements, contending the court failed to engage him in a sufficient colloquy to ensure that his affirmations were voluntary and intelligent.

## I.        Background Facts and Proceedings

On April 13, 2016, a trial information was filed charging Carter with one count of theft in the second degree; one count of burglary in the third degree; one count of possession of a controlled substance (marijuana), third offense; and eight counts of forgery. On December 23, the State filed an amended trial information, adding a habitual-offender enhancement to each charge. On April 14, 2017, Carter pled guilty pursuant to a plea agreement to the theft charge as a habitual offender and the possession charge, without the habitual-offender enhancement. All other charges were dismissed. Carter stipulated to his prior offenses for purposes of sentencing enhancement. Carter was sentenced to an indeterminate term of incarceration not to exceed fifteen years with a mandatory minimum of three years of incarceration for the theft charge and five years of incarceration for the possession charge, to be served concurrently. He now appeals.

## II.        Discussion

Carter claims the district court erred in accepting his stipulations to prior felony offenses for purposes of the habitual-offender enhancement as the court failed to comply with Iowa Rule of Criminal Procedure 2.19(9).

In *State v. Harrington*, the Iowa Supreme Court held that district courts must engage a defendant in a colloquy before accepting an admission the defendant was the person who committed the previous felonies, and the court identified the elements necessary for a habitual-offender colloquy to ensure the defendant's admission to prior offenses is voluntary and intelligent. 893 N.W.2d 36, 45 (Iowa 2017), as amended (June 14, 2017); *see also State v. Kukowski*, 704 N.W.2d 687, 691–94 (Iowa 2005).

In *Harrington*, the court also held that offenders in a habitual-offender proceeding "must preserve error in any deficiencies in the proceeding by filing a motion in arrest of judgment," and that the error-preservation rule would apply prospectively. 893 N.W.2d at 43. *Harrington* was decided on April 7, 2017. Carter's plea colloquy was conducted on April 11. Therefore, the error-preservation rule established in *Harrington* was in existence at the time and Carter was required to file a motion in arrest of judgment to preserve error on this issue.

Carter does not dispute that he failed to file a motion in arrest of judgment but instead argues the failure to file such a motion does not preclude his challenge to the proceeding because the court failed to provide the required motion-in-arrest-of-judgment advisory specifically identifying that the right to file the motion applied to the habitual-offender proceeding.

During the plea colloquy, the district court explained:

> I'm also obligated to advise you of an additional right that you have. It's a right to file a document which is known as a motion in arrest of judgment. A motion in arrest of judgment is a court pleading that would attack the validity of the guilty plea that you've just entered here today. What that means is this: If you think there's been an error made in the taking of your plea or if for some other reason, you believe the plea you've just offered is not valid, you would have 45

days from today's date or no less than five days before sentencing to file a motion asking to take back that plea. If you do not file that document within that time, you would forever give up your right to challenge the validity of your guilty plea either before this Court or before an Appellate Court. If you have any questions about your right to file that document, you should speak with [defense counsel].

That colloquy adequately informed Carter of his right to file a motion in arrest of judgment and the consequences for his failure to do so. Carter does not alternatively assert the failure to file a motion in arrest of judgment was based on ineffective assistance of counsel. By failing to file a motion in arrest of judgment, Carter failed to preserve error and we therefore decline to consider his challenge.

**AFFIRMED.**