# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 25-0073
Filed January 28, 2026

―――――――――

**State of Iowa,**
Plaintiff–Appellee,

v.

**Kari Irene Buckley,**
Defendant–Appellant.

―――――――――

Appeal from the Iowa District Court for Osceola County,
The Honorable Charles Borth, Judge.

―――――――――

**CONVICTION AFFIRMED, SENTENCE VACATED, AND
REMANDED FOR FURTHER PROCEEDINGS**

―――――――――

Martha J. Lucey, State Appellate Defender, and Allison Linafelter, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Anagha Dixit (until withdrawal) and
Nicholas E. Siefert, Assistant Attorneys General, attorneys for appellee.

―――――――――

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

Kari Buckley appeals her convictions for possession of a controlled substance and the habitual offender sentencing enhancement. She claims (1) the State failed to prove by sufficient evidence that she constructively possessed methamphetamine and marijuana found in a shared bedroom and (2) the district court imposed an illegal sentence because she did not validly stipulate to any habitual-offender-predicate convictions and the State failed to meet its burden to prove her prior convictions. Buckley also asserts that the State should not have another chance to prove her habitual-offender enhancement if the matter is remanded.

The State concedes that the district court did not perform the required colloquy with Buckley for her to stipulate to her prior convictions but contends the case should be remanded to correct the procedural error so the court can conduct a full colloquy related to the habitual-offender enhancement. We agree. And as to the sufficiency of the evidence, we find the State proved constructive possession. Thus, we affirm the convictions, vacate the sentence, and remand for further proceedings.

## I. Background Facts and Proceedings.

In June 2023, law enforcement executed a search warrant at Buckley's mother's home, where Buckley was residing, in relation to a theft investigation. Law enforcement identified Buckley and her paramour, Joey Daggett, as suspects in the investigation. Buckley stayed in a room in her mother's basement.

During the search, neither Buckley nor Daggett were present at the residence. Buckley's relationship with Daggett was thought to be "an on-again-off-again situation," and although he stayed with her on occasion, it

was unclear if he was residing with her at the time of the search. Law enforcement searched the residence, including Buckley's bedroom. There, they found a marijuana vape cartridge and an eyeglasses case that contained syringes, a white crystalline substance, and drug paraphernalia for consuming methamphetamine. A field test was positive for methamphetamine, and later testing revealed that the items were positive for methamphetamine and marijuana.

The eyeglass container and marijuana vape cartridge were found on top of a dresser beside the bed. Additionally, items considered typically feminine were on the dresser such as pink lip balm, pink fishnet stockings, clear nail polish, hair ties, women's deodorant, dry shampoo, and makeup. Non-gendered items were intermixed with the typically feminine items including: a water bottle, tacks, hand lotion, writing utensils, and a knit hat. Police also found Buckley's insurance card on the same dresser. Other identifying items were found elsewhere in the room, including her state-benefits card and a piece of mail addressed to her. In the room, police also found a legal document pertaining to Daggett.

Buckley was charged with count I possession of a controlled substance, methamphetamine, third offense, as an habitual offender, in violation of Iowa Code sections 124.401(5) and 902.8 (2023), and count II possession of a controlled substance, marijuana, third offense, in violation of Iowa Code sections 124.401(5) and 902.8.[1] The trial information alleged the habitual-offender enhancement for two prior felony convictions.

---

[1] Buckley was additionally charged and convicted of possession of drug paraphernalia, a simple misdemeanor, in violation of Iowa Code section 124.414. This conviction is not a part of this appeal.

In September 2024, the court held a bench trial. Testimony revealed that Buckley had tested positive for methamphetamine and marijuana on March 15, 2023, and again on June 26. Buckley's trial counsel objected to testimony about Buckley's prior drug use and claimed she would "stipulate to her prior drug convictions." The trial court asked for clarification.

> THE COURT: I just want to be clear, [Defense Counsel]. Is your client conceding or stipulating that she knows what methamphetamine and marijuana are?
>
> [DEFENSE COUNSEL]: Well—
>
> THE COURT: The knowledge element?
>
> [DEFENSE COUNSEL]: —yeah, I mean, I have to look at for sure what her prior convictions are. If her prior conviction is possession of methamphetamine, then—then yes. If so, she would stipulate to knowing what THC and meth are. If her prior convictions are meth, she'll stipulate to those prior convictions.

The trial court sustained the objection to Buckley's other criminal conduct and the State continued to present evidence. After Buckley rested, the trial court asked Buckley's counsel about the stipulation and counsel answered in the affirmative. There was no further discussion between the court and Buckley about her stipulation to past convictions. The State then submitted evidence of Buckley's prior convictions including two misdemeanor convictions for marijuana, one felony conviction for methamphetamine, and a list of her criminal history.

The court found Buckley guilty of both counts as an habitual offender and scheduled a sentencing hearing. Buckley filed a motion in arrest of judgment and motion for new trial. At the sentencing hearing, Daggett testified that he resided in the basement bedroom with Buckley at the time of the search claiming, "I lived there full time. I was there every day." Daggett

asserted that he was aware of, owned, and brought the methamphetamine and marijuana into the room. When asked if Buckley was aware of the drugs he answered: "No. Absolutely not. No. At that point in our relationship, she—I hid all of my drug use from her because, you know, she was clean and just got out of prison and I didn't want to disrupt that." Daggett testified that he had pled guilty to possession of the drugs the prior month and the State knew that he claimed sole possession. He explained that his items were intermixed with Buckley's on the dresser.

After considering Daggett's testimony, the court concluded its "verdicts were not contrary to the weight of the evidence" under the constructive possession prong nor could Daggett's testimony "be considered newly discovered evidence as to warrant the grant of a new trial." After the sentencing hearing, the court sentenced Buckley to two, fifteen-year terms of incarceration to run concurrently. Buckley appeals.

## II. Standard of Review.

We review insufficient evidence claims "for correction of errors at law." *State v. Copenhaver*, 844 N.W.2d 442, 449 (Iowa 2014). In conducting our review, we will not disturb the factfinder's guilty verdict "if there is substantial evidence to support the finding." *State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015). "Evidence is substantial when the quantum and quality of evidence is sufficient to convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State v. Banes*, 910 N.W.2d 634, 637 (Iowa Ct. App. 2018) (cleaned up). We do not resolve conflicts in the evidence, decide the credibility of witnesses, or weigh the evidence— those decisions are for the factfinder. *See State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006). Instead, we consider the evidence in the light most favorable to the verdict, "including all reasonable inferences that may be

fairly drawn from the evidence." *Banes*, 910 N.W.2d at 637. We consider all evidence, "not just that of an inculpatory nature." *State v. LuCore*, 989 N.W.2d 209, 215 (Iowa Ct. App. 2023).

We also review questions of statutory interpretation for correction of errors at law. *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018).

### III. Analysis.

On appeal, Buckley argues that (1) there is insufficient evidence to prove constructive possession of the drugs and (2) the district court imposed an illegal sentence because there was no valid stipulation to any habitual-offender-predicate convictions and the State failed to meet its burden to prove her prior convictions. We turn to her first claim.

**A. Constructive Possession.** Buckley argues there is not sufficient evidence to prove her convictions. Specifically, that the evidence was insufficient to show "Buckley's knowledge or right to control the contraband found in the bedroom she shared with Daggett." Possession of a controlled substance can be either actual[2] or constructive. *State v. Cashen*, 666 N.W.2d 566, 569 (Iowa 2003). These convictions turn on whether Buckley had constructive possession of the methamphetamine and marijuana. "Constructive possession exists when the evidence shows the defendant has knowledge of the presence of the controlled substance and has the authority or right to maintain control of it." *State v. Reed*, 875 N.W.2d 693, 705 (Iowa

---

[2] "A defendant can be in actual possession of a controlled substance when the controlled substance is found on the defendant's person or when substantial evidence supports a finding it was on the defendant's person at one time." *State v. Jones*, 967 N.W.2d 336, 341 (Iowa 2021).

2016) (cleaned up). Whether constructive possession exists "turns on the peculiar facts of each case." *State v. Webb*, 648 N.W.2d 72, 79 (Iowa 2002).

We consider several factors to determine whether a defendant constructively possessed contraband in a jointly occupied space including:

> (1) incriminating statements made by a person; (2) incriminating actions of the person upon the police's discovery of a controlled substance among or near the person's personal belongings; (3) the person's fingerprints on the packages containing the controlled substance; and (4) any other circumstances linking the person to the controlled substance.

*Reed*, 875 N.W.2d at 706 (citation omitted).

In this case, only the fourth factor is implicated. The fourth factor includes relevant direct and circumstantial evidence. *Id.* We must "determine whether all of the facts and circumstances, including those not listed above, allow a reasonable inference that the defendant knew of the drugs' presence and had control and dominion over the contraband." *Cashen*, 666 N.W.2d at 571. "The evidence must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture." *Id.* at 569 (citation omitted). We jointly address the sufficiency of the evidence regarding Buckley's possession of methamphetamine and marijuana.

Here, items containing the methamphetamine and marijuana were found in a bedroom located in the basement of her mother's home, where Buckley was known to reside. The contraband was discovered on top of a bedside dresser in Buckley's bedroom and was located on the same dresser as her insurance card. In the room police also found other identifying information of Buckley's, including her state-benefits card and mail addressed to her. Other items typically associated with females were found in proximity and included pink lip balm, pink fishnet stockings, clear nail

7

polish, hair ties, women's deodorant, dry shampoo, and makeup. The district court found that "[t]hese circumstances provide a reasonable inference that Buckley knew of the presence of the controlled substances and had the power to exercise dominion and control over them." We find that the district court's determination is supported by substantial evidence.

The district court found that Buckley's positive drug tests for methamphetamine and marijuana less than two months prior and a few weeks after police found the contraband bolstered the inference that she was in possession of the drugs. Buckley asserts that "it is improper to impute constructive possession based on such a slim factual record and a previous history of drug use." But here the drugs were found in Buckley's shared bedroom, and in addition the drugs were near Buckley's insurance card and feminine products. *Contrast Webb*, 648 N.W.2d at 79 (finding no possession when none of the items were "items found near or among Webb's personal belongings") *with Reed*, 875 N.W.2d at 707 (finding possession in part because the drugs were found in the defendant's shared bedroom near an item that was presumably the defendant's). Likewise, evidence of positive tests established that Buckley used marijuana and methamphetamine, which went towards her knowledge that the drugs and the associated paraphernalia found in the room where she resided were associated with illicit substances. Even without considering Buckley's drug use, we find that the record shows that the State provided sufficient evidence to prove she had possession of the methamphetamine and marijuana.

Buckley claims "[t]he speculative nature of the facts in this case means that, even viewed in the light most favorable to the State, there is not sufficient evidence of Buckley's knowledge or right to control the contraband found in the bedroom she shared with Daggett." The record is unclear if

Daggett also resided in the home at the time the contraband was found. Even if we considered that Daggett jointly occupied the room at the time the drugs were found, at most, the record shows that Daggett jointly occupied the room—the record does not indicate that Daggett solely possessed the methamphetamine and marijuana. *Contra Bash*, 670 N.W.2d at 139 (holding the insufficient evidence to prove possession when "the box containing marijuana was located on the [defendant's] husband's side of the bed with his personal effects. Additionally, there was no evidence that the defendant shared any ownership of the box or the marijuana in it or had any right to control either."). Unlike the defendant in *Bash*, here the methamphetamine and marijuana were found among Buckley's insurance card and other effects that could reasonably be attributed to her.

These additional circumstances link the contraband to Buckley and show that she had knowledge of the presence of the methamphetamine and marijuana, knew what the drugs looked like because of her usage, and had the authority or right to maintain control of the substances. Legal paperwork from Daggett was found in the room, but testimony did not reveal where in the room the paperwork was found and no effects on the dresser where the contraband was found presumably belonged to Daggett. Accordingly, we find the State provided sufficient evidence to prove that Buckley constructively possessed the methamphetamine and marijuana.

**B. Habitual Offender Enhancement.** Buckley argues, and the State concedes, that the "district court conducted an improper stipulation colloquy." Referred to as the "*Harrington* colloquy," the court "must ensure that the admission [in a stipulation related to the sentencing enhancement] is voluntary and intelligent and that the defendant understands the ramifications of an habitual offender adjudication." *State v. Harrington*, 893

N.W.2d 36, 45 (Iowa 2017) (cleaned up); *see also State v. Smith*, 924 N.W.2d 846, 851–52 (Iowa 2019). Along with these requirements, the court must also inform the defendant that "prior felony convictions are only valid if obtained when the [defendant] was represented by counsel or knowingly and voluntarily waived the right to counsel." *Harrington*, 893 N.W.2d at 45.

When a defendant faces an habitual offender enhancement, a two-stage trial procedure is imposed. *Id.* at 44. First, the State must obtain a guilty verdict to the offense charged. *Id.* Second, the defendant will have the opportunity to affirm or deny the prior convictions. *Id.* If the defendant affirms the convictions "then the case proceeds to sentencing." *State v. Kukowski*, 704 N.W.2d 687, 692 (Iowa 2005). "The rights at stake in a habitual offender proceeding are significant and are often of the same magnitude as in the case of a plea of guilty." *Harrington*, 893 N.W.2d at 42 (cleaned up). A guilty-plea-like proceeding is required before stipulated prior convictions can support enhanced penalties. *See id.* at 45–47 (listing the requirements and steps involved during the habitual offender enhancement colloquy); Iowa R. Crim. P. 2.19(8)(a).

If the defendant denies the allegations, the case proceeds to the second trial. *Kukowski*, 704 N.W.2d at 692. Iowa Rule of Criminal Procedure 2.19(8)(b) and (c) guides the second trial. But, if the defendant admits the allegations, rule 2.19(8)(a) guides the process and the court must establish a factual basis, confirm the defendant's admission is knowing and voluntary, and inform the defendant of several effects of this enhancement including the nature and elements of the habitual enhancement, maximum and minimum punishment, and that they are waiving the right to trial.[3]

---

[3] Under Rule 2.19(8)(a), the court shall inform the defendant:

In this case, Buckley was charged with two counts of possession of a controlled substance and an habitual offender enhancement under Iowa Code section 902.8.[4] The district court order notes a colloquy on the record

 

 

    (1) Of the nature and elements of the enhancement.

    (2) That the prior convictions must have been obtained when the defendant was represented by, or waived the right to, counsel.

    (3) Of the maximum and minimum possible punishment resulting from the enhancement.

    (4) That by affirming that the defendant is the person previously convicted, the defendant waives the right to a trial by jury, the right to the assistance of counsel, the right to confront and cross-examine witnesses, and the right against self-incrimination.

    (5) That the defendant's affirmation means no trial will be held on whether the defendant is the person previously convicted.

    (6) That the State is not required to prove the prior convictions were entered with counsel if the defendant does not first raise the claim.

    (7) That any challenges to the increased sentence resulting from the prior convictions must be raised in a timely motion in arrest of judgment and failure to raise such challenges shall preclude the right to assert them on appeal.

Iowa R. Crim. P. 2.19(8).

[4] Under Iowa Code section 902.8,

    An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction. A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years.

but the record reveals that no such colloquy with the defendant occurred. When a district court fails to hold a *Harrington* colloquy, the remedy is to vacate only the enhancement and remand for colloquy or trial on whether the defendant qualifies as an habitual offender. *Coleman*, 907 N.W.2d at 148 ("We therefore vacate the sentence imposed that included the sentencing enhancements and remand for further stipulation proceedings to allow the State to establish the appropriate factual basis and for resentencing.").

Yet, we note that Buckley argues that while cases with invalid habitual-offender stipulations are normally vacated "and remand[ed] for further proceedings consistent with the stipulation requirements of *Harrington*, or" for a second trial to determine whether the defendant qualifies as an habitual offender, here, the State already attempted and failed to prove Buckley's prior felony convictions. Buckley asserts that the State failed to meet its burden to prove the prior convictions beyond a reasonable doubt. *See Kukowski*, 704 N.W.2d at 691. The district court found that based on "her affirmation, along with State's [e]xhibits, . . . the court finds beyond a reasonable doubt that Buckley has been convicted twice before of a drug-related offense and has twice before been convicted of a felony offense." But the exhibits from the State only included one certified felony conviction of Buckley, short of the two felony convictions required by the statute. *See* Iowa Code § 902.8.

Because of this shortcoming, Buckley argues that the court imposed an illegal sentence and *State v. Gordon* prohibits the State from presenting additional evidence on remand. 732 N.W.2d 41, 43–44 (Iowa 2007) ("An illegal sentence is one that is not permitted by statute." (citation omitted)); *see* Iowa Code § 902.8. True, *Gordon* addressed an illegal sentence because

---

Iowa Code § 902.8.

"the two burglary convictions the state identified to support habitual-offender status were committed on the same date, which, under our caselaw, could not support the habitual-offender enhancement." *State v. Chapman*, 944 N.W.2d 864, 877 (Iowa 2020) (discussing the application of *Gordon*). But unlike the situation here, *Gordon* did not involve an "error in the district court proceeding that would entitle the State to a new hearing." *Id.* (citation omitted).

To that point, the State argues this case involves a procedural defect in the proceedings such that the case should be remanded for further proceedings. "Procedurally defective sentences" involve the court's abuse of discretion which includes failing to follow requirements established by statute or case law. *See State v. Chawech*, 15 N.W.3d 78, 84 (Iowa 2024) (listing examples of illegal and procedurally defective sentences). Upon our review, we agree with the State's characterization. The State attempted to provide evidence of the prior convictions after Buckley's counsel claimed she would stipulate to the offenses. At trial before resting the State addressed the court and claimed it "would, before resting, provide to the Court the certified copies of the defendant's prior felony convictions. [The State] know[s] the defendant has stated that she is going to stipulate to those, but [the State] would provide those to the Court just out of convenience and simplicity's sake."

The State contends that it has not already had a "bite at the apple" arguing it "offered four supplemental exhibits outlining Buckley's previous convictions, but this was not an attempt to conduct a second enhancement trial." Under this record, we cannot know if Buckley will stipulate to previous convictions or seek a trial on the enhancement issue. And unlike *Gordon*, here there was not an opportunity for the State to fully provide proof

of Buckley's prior conviction. The evidence from the State was out of caution and not in response to Buckley's denial of her prior felony convictions. The appropriate remedy for an improper colloquy is to vacate the sentence and to remand for the defendant to stipulate with a proper colloquy or for a second trial to determine whether the defendant is an habitual offender. *Coleman*, 907 N.W.2d at 148.

Consistent with *Harrington*, we affirm Buckley's convictions but vacate the sentence and remand for either a new stipulation colloquy consistent with the requirements of *Harrington* or a trial on the prior convictions. *See Smith*, 924 N.W.2d at 853.

## IV. Conclusion.

We affirm Buckley's convictions because there was sufficient evidence to find that she had constructive possession of the controlled substances. We vacate the sentence and remand for further proceedings because the district court failed to perform a colloquy as required under Iowa Rules of Criminal Procedure 2.19(8). *See Harrington*, 893 N.W.2d at 45–47.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR FURTHER PROCEEDINGS.**