# IN THE SUPREME COURT OF IOWA

No. 15–1630

Filed October 20, 2017

**STATE OF IOWA,**

Appellee,

vs.

**JOHNNIE RAY STEIGER,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Douglas C. McDonald and Christine Dalton Ploof, Judges.

Appellant seeks further review of a court of appeals decision affirming the district court's imposition of sentence under an enhancement for repeat offenders. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENTS REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Michael Walton, County Attorney, and Josh Sims, Assistant County Attorney, for appellee.

**PER CURIAM.**

In this case, we must decide if the defendant was denied procedural protections for determining his status as an habitual offender at trial and whether he needed to preserve error by filing a motion in arrest of judgment. On our review of a decision by the court of appeals, we reverse the judgment and sentences of the district court and remand for further proceedings.

### I. Background Facts and Proceedings.

Johnnie Steiger was charged by two trial informations with two separate crimes of indecent exposure. The first trial information also charged Steiger as an habitual offender. This charge proceeded to a bench trial. The district court found Steiger guilty. Following the verdict, the prosecutor informed the court he possessed three certified copies of Steiger's three prior convictions for indecent exposure. Defense counsel promptly responded that Steiger would stipulate to two of the prior convictions. The court acknowledged the stipulation without further inquiry. It then proceeded to accept Steiger's plea of guilty to the second charge of indecent exposure. In doing so, the court failed to address the particulars of the plea, except to ask Steiger if it was the result of any threats or promises. The court did not address the requirements of filing a motion in arrest of judgment to challenge deficiencies in the plea proceedings.

Steiger was subsequently sentenced in both cases. The court imposed a ten-year sentence of incarceration for the charge associated with the enhancement and imposed a one-year sentence on the other charge of indecent exposure.

Steiger appealed. On appeal, he claimed the district court erred in accepting the stipulation relating to the prior convictions by failing to

engage in a colloquy to determine if his acknowledgement was voluntarily and intelligently made. He also claimed the plea of guilty to the second charge of indecent exposure was not knowingly and voluntarily made and the district court failed to conduct a meaningful colloquy. Steiger further claimed he was not informed of the requirement to file a motion in arrest of judgment to challenge any deficiencies in the plea of guilty.

The State acknowledged the plea colloquy was insufficient and the case needed to be remanded for a new guilty-plea hearing. However, it claimed the stipulation concerning the prior convictions was sufficient. It further claimed Steiger failed to preserve error for appeal by challenging the stipulation in district court.

We transferred the case to the court of appeals. The court of appeals found Steiger failed to preserve error on his claim that the stipulation concerning the prior convictions was deficient. The court of appeals held Steiger was required to challenge the sufficiency of the proceedings either by filing a motion in arrest of judgment or by another means. Steiger sought, and we granted, further review.

### II. Standard of Review.

We review claims involving interpretations of rules for errors of law. *State v. Kukowski*, 704 N.W.2d 687, 690–91 (Iowa 2005). To the extent that our review involves constitutional claims, our review is de novo. *Id.* at 690.

### III. Resolution of Claims.

The outcome of this case is controlled by our recent decision in *State v. Harrington*, 893 N.W.2d 36 (Iowa 2017). Requirements of the enhanced-penalty hearing were not followed by the district court in this case, and the error preservation rule we established in *Harrington* was not in existence at the time. *Id.* at 41–48.

**IV. Conclusion.**

Accordingly, we vacate the decision of the court of appeals, reverse the judgment and sentences of the district court, and remand both charges to the district court for further proceedings. The enhanced-penalty charge is remanded for the district court to conduct a hearing on the prior convictions pursuant to Iowa Rule of Criminal Procedure 2.19(9). The remaining charge is remanded to the district court to conduct a hearing on the plea of guilty.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENTS REVERSED AND REMANDED.**