# IN THE SUPREME COURT OF IOWA

No. 18–0184

Filed March 8, 2019

**STATE OF IOWA,**

    Appellee,

vs.

**BERNARD ANTHONY SMITH,**

    Appellant.

---

Appeal from the Iowa District Court for Story County, Timothy J. Finn, Judge.

A defendant challenges his sentence as a habitual offender and the imposition of restitution and a fine. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Jessica Reynolds, County Attorney, and Timothy C. Meals and Shawna Johnson, Assistant County Attorneys, for appellee.

**WIGGINS, Justice.**

The defendant was convicted of second-degree burglary and stipulated to being a habitual offender. The court sentenced the defendant as a habitual offender, ordered restitution, and imposed a fine. On appeal, we conclude the stipulation was not knowingly and voluntarily made because the stipulation proceedings did not comply with the requirements of *State v. Harrington*, 893 N.W.2d 36 (Iowa 2017). Accordingly, we must reverse the habitual offender judgment, the defendant's sentence, and remand the case for further proceedings consistent with *Harrington*. *See id.* at 45–46. We affirm the uncontested judgment of guilt on second-degree burglary.

## I. Facts and Proceedings.

On September 27, 2017, the State charged Smith with burglary in the second degree in violation of Iowa Code sections 713.1 and 713.5 (2017), a class "C" felony, and being a habitual offender in violation of section 902.8. Following Smith's not-guilty plea, a bifurcated trial on the burglary charge began on November 28.

While the jury was in deliberations, Smith's counsel informed the court that Smith would stipulate to the predicate priors for the habitual offender charge. The following exchange occurred:

> [DEFENSE COUNSEL]: Your Honor, I just discussed with my client about the sentencing enhancement charge on the Trial Information of offense of habitual offender and my client has decided that he will withdraw his request for a bifurcated trial and will stipulate to the priors for that particular section should the jury return a guilty verdict that it would be applicable to.
>
> THE COURT: Okay. Very well. Mr. Smith, is that correct?
>
> THE DEFENDANT: Yes, sir.

THE COURT: I told you earlier about the ramifications of doing that. It's your decision and you voluntarily decided that you will stipulate to the habitual offender element of the trial?

THE DEFENDANT: Yes.

THE COURT: Okay. All right. Thank you. Anything further on behalf of the State?

[PROSECUTOR]: No, Your Honor.

THE COURT: Thank you.

[DEFENSE COUNSEL]: Thank you, Your Honor.

Subsequently, the jury returned a verdict finding Smith guilty of burglary in the second degree. After the court scheduled sentencing, further discussion regarding Smith's stipulation occurred:

[DEFENSE COUNSEL]: Your Honor, [the prosecutor] brought to my attention a case *State v. Harrington*, 893 N.W.2d 36. It concerns a Defendant making admissions to the habitual offender without the State having to prove it up and the issue of bringing it up in a motion in arrest of judgment or making an adequate record.

I believe we probably have an adequate record but just to be safe, it probably would be best to maybe supplement the record a little bit at this time, that the Defendant did freely voluntarily stipulate to the priors of the habitual offender.

THE COURT: All right. I think we did that. But you're in agreement on that; aren't you?

THE DEFENDANT: Yes.

THE COURT: All right. Thank you. I appreciate that. You understand that's voluntary on your part and you elected to go along with that?

THE DEFENDANT: Correct.

THE COURT: Okay. I have one last thing I need to tell you about. You have the right to file what's called a motion in arrest of judgment. The motion has to be filed at least I think it's five days or three days?

[THE PROSECUTOR]: Five days, Your Honor.

THE COURT: Five days before the date of sentencing. I set your sentencing on January 16th. So if you want the Court to consider that, it has to be filed at least five days before January 16th. Do you understand that?

(At this time there is an off-the-record discussion between [defense counsel] and the Defendant.)

(We are now back on the record.)

[THE PROSECUTOR]: Your Honor, I think it's forty-five days but no less than five days before sentencing.

THE COURT: Okay.

[DEFENSE COUNSEL]: That is correct.

THE COURT: All right. Got that?

THE DEFENDANT: Yes.

THE COURT: Okay. All right. That will conclude the hearing.

Thank you.

The court gave no other information on the motion and had no further conversation about Smith's stipulation to the prior convictions. Smith did not file a motion in arrest of judgment challenging the habitual offender stipulation proceedings.

On January 16, 2018, the district court sentenced Smith as a habitual offender to incarceration not to exceed fifteen years. The court also imposed a fine of $1000, ordering, "The Defendant should be and is hereby fined in the sum of $1,000 plus a 35 percent surcharge. This fine and surcharge are hereby SUSPENDED." Regarding restitution, the order said,

> [T]he Defendant shall be required to pay the costs of this action, the $125 law enforcement initiative surcharge, and that he reimburse the state for the reasonable fees of his court-appointed attorney. The Defendant's attorney is given 10 days within which to file a statement of the legal services he has provided for the Defendant. All costs, surcharges, and

fees are due immediately and shall be considered delinquent if not paid within 30 days of today's date.

On January 25, Smith appealed the court's final order. The district court filed a restitution plan on March 20, ordering Smith to pay a total of $1434.60.

## II. Issues.

On appeal, Smith raises three issues. First, he claims the district court failed to comply with the *Harrington* requirements in accepting his habitual offender stipulation. Second, he claims the district court erred in ordering him to pay restitution in the form of attorney fees. Third, he claims the district court erred in imposing a fine.

We need not reach Smith's second or third claim because our resolution of the first issue will require resentencing.

## III. Standard of Review.

"Claims involving the interpretation of a statute or rule are usually reviewed for errors at law." *Harrington*, 893 N.W.2d at 41 (quoting *State v. Kukowski*, 704 N.W.2d 687, 690–91 (Iowa 2005)); *see* Iowa R. App. P. 6.907.

## IV. Compliance with the *Harrington* Requirements.

On appeal, Smith first claims the district court failed to comply with the habitual offender stipulation requirements from *Harrington* and, therefore, his stipulation could not have been voluntarily and intelligently given. *See* 893 N.W.2d at 45–46. Alternatively, he contends that if he failed to preserve error on his *Harrington* challenge, his trial counsel provided ineffective assistance.

**A. Error Preservation.** In *Harrington* we held that "offenders in a habitual offender proceeding must preserve error in any deficiencies in the proceeding by filing a motion in arrest of judgment." *Id.* at 43. However,

we elected to apply that rule of law prospectively such that it did not apply in *Harrington* and in other cases that preceded our *Harrington* decision. *Id.*; *see, e.g., State v. Brewster*, 907 N.W.2d 489, 493 n.3 (Iowa 2018) (excusing failure to comply with error preservation rule because the case was already on appeal at the time of the *Harrington* decision); *State v. Steiger*, 903 N.W.2d 169, 170 (Iowa 2017) (per curiam) (excusing failure to comply with error preservation rule because the rule was not in existence at the time).

Smith's habitual offender proceedings occurred several months after our *Harrington* decision, but he failed to file a motion in arrest of judgment to challenge those proceedings. Accordingly, this case presents the first opportunity, post-*Harrington,* for us to consider the consequences of failing to file a motion in arrest of judgment to challenge the habitual offender proceedings.

Smith claims the *Harrington* error preservation requirement does not apply here because the district court failed to adequately advise him, as required by Iowa Rule of Criminal Procedure 2.8(2)(*d*) for guilty plea proceedings, of his right to file a motion in arrest of judgment and of the consequences of failing to do so. *See, e.g., State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004) (noting court's failure to inform the defendant entering guilty plea of those two pieces of information as required by rule 2.8(2)(*d*) excuses the defendant's failure to challenge the guilty plea proceedings by filing a motion in arrest of judgment). Smith contends the requirement in rule 2.8(2)(*d*) and the error preservation exception noted in *Meron* should apply to habitual offender proceedings. *See id.* We agree.

We have consistently acknowledged that stipulating to prior offenses for purposes of sentencing enhancement is "comparable to a plea of guilty to support sentencing for the crime identified in the plea." *Harrington*, 893

N.W.2d at 42; *accord, e.g.*, *Kukowski*, 704 N.W.2d at 692; *State v. Brady*, 442 N.W.2d 57, 58 (Iowa 1989). We have relied on this similarity to conclude it is appropriate to refer to our guilty plea rules when resolving challenges to stipulation proceedings. *E.g.*, *Harrington*, 893 N.W.2d at 45 (referring to guilty plea rules to identify the specific topics that must be part of the stipulation colloquy for the stipulation to be voluntary and intelligent); *Brady*, 442 N.W.2d at 58. We also relied on that similarity in holding that a motion in arrest of judgment must be filed to preserve those challenges for appeal. *See Harrington*, 893 N.W.2d at 42–43. Thus, we find it logical for us to consider the instant error preservation issue in light of our jurisprudence regarding error preservation in the guilty plea context.

Moreover, we find the rationale for the error preservation exception in the guilty plea context equally applicable to the prior-offenses stipulation context. In *State v. Worley*, we first recognized the error preservation exception when a defendant failed to file a motion in arrest of judgment to challenge his guilty plea proceedings. 297 N.W.2d 368, 370 (Iowa 1980). We noted then-rule 23(3)(*a*)—now rule 2.24(3)(*a*)—precluded appellate challenges to guilty plea proceedings if the defendant did not first challenge that proceeding in a motion in arrest of judgment. *Id.* But we also explained that now-rule 2.24(3)(*a*) "must be read in conjunction with" then-rule 8(2)(*d*)—now rule 2.8(2)(*d*)—which requires the court inform the defendant that challenges to the guilty plea proceedings must be raised in a motion in arrest of judgment and "that failure to so raise such challenges shall preclude the right to assert them on appeal." *Id.* (quoting Iowa R. Crim. P. 8(2)(*d*) (1979)). We held,

> No defendant, however, should suffer the sanction of rule [2.24(3)(*a*)] unless the court has complied with rule [2.8(2)(*d*)] during the plea proceedings by telling the defendant that he

must raise challenges to the plea proceeding in a motion in arrest of judgment and that failure to do so precludes challenging the proceeding on appeal.

*Id.*

As in the guilty plea context, the offender challenging the habitual offender stipulation proceeding must do so in a motion in arrest of judgment in order to preserve error on that challenge. *Harrington*, 893 N.W.2d at 43. Also like in the guilty plea context, the district court is required to "inform the offender that challenges to an admission based on defects in the habitual offender proceedings must be raised in a motion in arrest of judgment" and "that the failure to do so will preclude the right to assert them on appeal." *Id.* at 46. As in *Worley*, we must read these two requirements in conjunction. *See* 297 N.W.2d at 370. Accordingly, no offender in a habitual offender stipulation proceeding should suffer *Harrington*'s error preservation sanction unless the court has complied with its duty under *Harrington* to inform the offender that challenges to the stipulation proceedings must be raised in a motion in arrest of judgment and the failure to do so precludes raising those challenges on appeal. *See Harrington*, 893 N.W.2d at 45–46.

In assessing whether the district court complied with this *Harrington* duty, we adopt the substantial compliance standard we use "in determining whether a trial court has discharged its duty under rule 2.8(2)(*d*)" in the guilty plea context. *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006); *see also State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). "The court must ensure the [offender] understands the necessity of filing a motion to challenge a [prior-offenses stipulation] and the consequences of failing to do so." *Straw*, 709 N.W.2d at 132.

The court's statement that Smith had a right to file a motion in arrest of judgment was insufficient to comply with its duty under

*Harrington.* The court's statement did not tie that right to the method of challenging the stipulation proceedings, nor did it ensure Smith understood that the failure to file such a motion would preclude him from challenging the proceedings on appeal. *Cf. Straw,* 709 N.W.2d at 132 (finding substantial compliance when the court informed the defendant that if he wished to appeal or challenge any of the guilty plea proceedings, he was required to file a motion in arrest of judgment). Moreover, there was no written and signed stipulation to the prior offenses that otherwise informed Smith of this information. *Cf. Fisher,* 877 N.W.2d at 682 (finding written and signed guilty plea form failed to substantially comply with rule 2.8(2)(*d*)'s requirements when it did not indicate failing to challenge the guilty plea proceedings in a motion in arrest of judgment waived such a challenge on appeal); *State v. Oldham,* 515 N.W.2d 44, 46–47 (Iowa 1994) (finding substantial compliance when the court's otherwise insufficient oral colloquy was considered together with the defendant's written and signed application to withdraw his not-guilty plea). Therefore, Smith is not precluded from challenging his prior-offenses stipulation on appeal.

**B. The Sentencing Court Failed to Comply with *Harrington.*** The district court failed to comply with *Harrington*'s requirements to ensure Smith's prior-offenses stipulation in the habitual offender proceeding was voluntary and intelligent. Although Smith affirmatively responded to the court's inquiry that Smith's decision to stipulate to the habitual offender charge was voluntary, "[a]n affirmative response by the defendant . . . does not necessarily serve as an admission to support the imposition of an enhanced penalty as a multiple offender." *Harrington,* 893 N.W.2d at 45 (alteration in original) (quoting *Kukowski,* 704 N.W.2d at 692). Rather, before sentencing, the court must engage in a colloquy

with the offender "to ensure that the affirmation is voluntary and intelligent." *Id.* (quoting *Kukowski,* 704 N.W.2d at 692).

In *Harrington,* we clarified the scope of this stipulation colloquy. Our clarification in *Harrington* specifically addressed prior-offenses stipulations for habitual offender enhancement purposes, but we have subsequently extended the *Harrington* colloquy requirements to other sentence-enhancement, prior-offenses stipulations that occur pursuant to Iowa Rule of Criminal Procedure 2.19(9). *E.g., Brewster,* 907 N.W.2d at 494 (applying *Harrington* to rule 2.19(9) "proceedings in which repeat-OWI-offender enhancements are at issue"); *State v. Coleman,* 907 N.W.2d 124, 147 (Iowa 2018) (applying *Harrington* to rule 2.19(9) proceedings involving "a second offense enhancement under Iowa Code section 692A.111"). The stipulation colloquy here fell short of the *Harrington* standard.

First, the court failed to inform Smith "of the nature of the habitual offender charge," "if admitted, that it will result in sentencing as a habitual offender for having 'twice before been convicted of a[ny] felony,' " and that the "prior felony convictions are only valid if obtained when [Smith] was represented by counsel or knowingly and voluntarily waived the right to counsel." 893 N.W.2d at 45 (quoting Iowa Code § 902.8 (2017)). The record is silent as to any determination by the court that "a factual basis exists to support the admission to the prior convictions." *Id.* at 45–46.

Second, the court failed to inform Smith "of the maximum possible punishment of the habitual offender enhancement, including mandatory minimum punishment." *Id.* at 46. Specifically, in this case, that he would "be sentenced to a maximum sentence of fifteen years" and that he "must serve three years . . . before being eligible for parole." *Id.*

Third, the court did not inform Smith of the applicable trial rights enumerated in rule 2.8(2)(*b*)(4) and that no trial on the habitual offender

charge would take place if he admitted to the prior convictions.[1]  *Id.*  Nor did it indicate "that the state is not required to prove the prior convictions were entered with counsel if [Smith] does not first raise the claim."  *Id.*

Finally, the court did not adequately inform Smith that "challenges to an admission based on defects in the habitual offender proceedings must be raised in a motion in arrest of judgment" and that the "failure to do so will preclude the right to assert them on appeal."  *Id.*  It is undisputed that the court advised Smith he had the right to file a motion in arrest of judgment.  Nonetheless, the court did not tie the filing of such a motion with challenging the stipulation proceedings, and it made no indication that such a motion is a prerequisite to challenging the proceedings on appeal.

As in *Harrington*, the habitual offender colloquy here leaves us "unable to conclude [Smith's] admission was knowingly and voluntarily made."  *Id.* at 47.  Accordingly, we affirm Smith's uncontested judgment of guilt for second-degree burglary, but we reverse the judgment and sentence of the district court and remand for further proceedings consistent with the stipulation requirements of *Harrington*, or if Smith denies the prior convictions or their validity, for trial on whether he qualifies as a habitual offender.  *See id.* at 48.

**V.  Conclusion.**

Smith did not file a motion in arrest of judgment to challenge his habitual offender stipulation proceedings as required by *Harrington*. However, the district court failed to substantially comply with its duty under *Harrington* to ensure that Smith understood the necessity of filing

---

[1]When Smith initially indicated he would stipulate to the prior offenses, the court responded by noting it had told Smith "earlier about the ramifications of doing that."  Yet, the record does not contain or otherwise reveal the substance and scope of that earlier advisement.

such a motion and that the failure to so file would preclude challenging the proceedings on appeal. Therefore, we excuse Smith's failure to preserve error.

On the merits of Smith's challenge to the stipulation proceedings, we find that his prior-offenses stipulation was not knowingly and voluntarily made because the stipulation proceedings fell short of *Harrington*'s requirements. Thus, we reverse the habitual offender judgment and Smith's sentence and remand the case for further proceedings consistent with *Harrington.* We affirm the uncontested judgment of guilt on second-degree burglary.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

All justices concur except McDonald, J., who takes no part.