**IN THE COURT OF APPEALS OF IOWA**

No. 17-1959
Filed June 5, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CURT DOUGLAS STEFFEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager,

District Associate Judge.

        A defendant challenges his conviction for second-offense operating while

intoxicated. **DISTRICT COURT JUDGMENT REVERSED IN PART AND CASE**

**REMANDED.**

        Sharon D. Hallstoos, Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.

        Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

Before the jury even convicted Curt Steffen of operating while intoxicated (OWI), the district court secured his waiver of a second trial to prove he had been previously convicted of OWI. Steffen stipulated he had an OWI conviction from 2010. Now, after judgment on his second offense, Steffen challenges the adequacy of the court's colloquy, which did not mention the prior OWI conviction was only valid for enhancement purposes if Steffen had been represented by counsel or knowingly waived the right to counsel. *See* Iowa R. Crim. P. 2.19(9). Steffen also alleges the colloquy did not adequately advise him of the applicable penalties for OWI, second offense.

Because the colloquy did not comply with the requirements clarified in *State v. Harrington*, 893 N.W.2d 36 (Iowa 2017), *State v. Brewster*, 907 N.W.2d 489 (Iowa 2018), and *State v. Smith*, 924 N.W.2d 846 (Iowa 2019), we reverse the judgment entered on the OWI, second offense, and remand for further proceedings.

We begin by examining error preservation. Steffen did not file a motion in arrest of judgment to challenge the stipulation as required to preserve error. *See Harrington*, 893 N.W.2d at 42–43. But we excuse that omission because the district court did not discuss the necessity of filing a motion in arrest of judgment or the consequences of failing to do so. *See Smith*, 924 N.W.2d at 851. Accordingly, Steffen may raise his objections to the enhancement colloquy without alleging ineffective assistance of counsel.

We review the district court's compliance with rule 2.19(9) for errors at law. *State v. Kukowski*, 704 N.W.2d 687, 690–91 (Iowa 2005).

*Harrington* outlined the four-part stipulation colloquy necessary to ensure an offender's admission to being a recidivist is knowing and voluntary. 893 N.W.2d at 45–46. First, the court must inform the offender of the nature of the enhanced charge and, if admitted, that it will result in heightened consequences. *Id.* at 45; *see Brewster*, 907 N.W.2d at 494 (applying *Harrington* to "proceedings in which repeat-OWI-offender enhancements are at issue"). The court must inform the offender that the prior conviction is "only valid if obtained when the offender was represented by counsel or knowingly and voluntarily waived the right to counsel." *Harrington*, 893 N.W.2d at 45 (citing Iowa R. Crim. P. 2.19(9)). As a part of this process, the court must also make sure a factual basis exists to support the offender's admission to the prior conviction. *Id.*

Second, the court must inform the offender of the maximum possible punishment, including any mandatory minimum, carried by the enhanced offense. *Id.* at 46. For example, in *Brewster*, the supreme court found the colloquy inadequate, in part, because it failed to notify Brewster that admitting his prior conviction exposed him to a maximum indeterminate sentence of two years of incarceration and a mandatory minimum term of seven days in jail. 907 N.W.2d at 494.

Third, the court must inform the offender of the trial rights enumerated in Iowa Rule of Criminal Procedure 2.8(2)(b)(4). *Harrington*, 893 N.W.2d at 46. And fourth, the court must inform the offender that if he admits to the prior conviction, no trial will take place on the issue of identity. *Id.* "The court must also inform the offender that the State is not required to prove the prior convictions were entered with counsel if the offender does not first raise the claim." *Id.*

Steffen asserts the court did not comply with *Harrington* because he was not informed "for the prior conviction to qualify under Rule 2.19(9) [it] must have been entered with the assistance of counsel or following a valid waiver of counsel." We agree the colloquy failed to advise Steffen "the prior OWI conviction could be a basis for enhancing the classification of the crime and the sentence only if he was represented by or had properly waived counsel in connection with that prior offense." *Brewster*, 907 N.W.2d at 494.

"The prior conviction colloquy was also lacking in this case because it failed to establish [Steffen] was informed that an admission of a prior conviction exposed him to a maximum sentence" under Iowa Code section 321J.2(4)(a) (2018) of up to two years of incarceration and a mandatory minimum sentence of seven days in jail. *Id.*

Focusing on a different exposure, Steffen complains particularly that the court should have told him about the mandatory two-year driver's license revocation triggered by a test refusal in an OWI second prosecution. *See* Iowa Code § 321J.2(4)(c). Citing *State v. Carney*, 584 N.W.2d 907 (Iowa 1998), the State maintains the driver's license revocation was not a direct consequence of the OWI second-offense conviction and did not need to be explained in the stipulation colloquy. *Carney* held license revocation under section 321J.4(2) was a collateral consequence of a guilty plea to OWI and the district court had no duty to inform the defendant of the revocation before taking the plea. 584 N.W.2d at 909 (acknowledging license revocation under section 321J.4(3) was "definite, immediate, and largely automatic" but concluded it was not "punishment" because

the revocation was aimed at protecting the public from drivers who demonstrated a pattern of driving while intoxicated).

For two reasons, we question the continued viability of the conclusion reached in *Carney*. First, in 2010, the legislature reorganized section 321J.2 and expressly stated a second OWI offense is "punishable" by imprisonment, fines, and license revocation. Iowa Code § 321J.2(4)(a)–(c). An amendment to statutory text after a judicial interpretation raises a presumption the legislature intended to alter the rights explained in the case. *See Iowa Farm Bureau Fed'n. v. Envtl. Prot. Comm'n*, 850 N.W.2d 403, 434 (Iowa 2014). The plain language of section 321J.2(4) now includes license revocation in the category of punishment.

Second, *Carney* was undermined by *State v. Fisher*, 877 N.W.2d 676 (Iowa 2016). *See State v. Tompkins*, 18-0304, 2019 WL 478507, at *3 (Iowa Ct. App. Feb. 6, 2019) (McDonald, J., specially concurring). *Fisher* held "[b]ecause revocation of the driver's license of a person convicted of a drug possession offense is mandatory, immediate, and part of the punishment for that offense, the court must inform the defendant of this consequence before accepting his or her plea." 877 N.W.2d at 683 (distinguishing *Carney* based on difference between OWI offenses and drug-possession convictions). As the *Tompkins* special concurrence suggested, it is difficult to reconcile *Fisher* and *Carney*. 2019 WL 478507, at *3. But we cannot overrule *Carney*. *See Kersten Co. v. Dep't of Soc. Servs.*, 207 N.W.2d 117, 121–22 (Iowa 1973) (explaining it is generally the role of the supreme court to decide if case precedent should no longer be followed).

Even assuming the colloquy was not required to provide information on the mandatory license revocation, we find its other omissions to be grounds for

reversal. The prior-conviction colloquy leaves us unable to conclude Steffen's admission to the prior OWI was knowing and voluntary. Accordingly, we affirm the uncontested guilty verdict on the current OWI conviction, but reverse the judgment and sentence for OWI second offense. We remand for further prior-conviction proceedings under rule 2.19(9).

**DISTRICT COURT JUDGMENT REVERSED IN PART AND CASE REMANDED.**