# IN THE COURT OF APPEALS OF IOWA

No. 19-0236
Filed January 9, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON THOMAS PURTILO,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

Jason Purtilo appeals following his guilty plea to public intoxication, third or subsequent offense. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Jason Purtilo entered a written plea of guilty to the aggravated misdemeanor crime of public intoxication, third or subsequent offense. *See* Iowa Code §§ 123.46(2), 123.91 (2018).[1] The district court accepted the plea, adjudged Purtilo guilty, and ordered him incarcerated for a period not exceeding two years.

On appeal, Purtilo argues the protocol for stipulations to prior convictions for sentencing enhancement purposes "should be extended to [his] case." *See State v. Harrington*, 893 N.W.2d 36, 40 (Iowa 2017); *see also State v. Smith*, 924 N.W.2d 846, 852 (Iowa 2019); *State v. Brewster*, 907 N.W.2d 489, 494 (Iowa 2018); *State v. Coleman*, 907 N.W.2d 124, 147 (Iowa 2018). The State responds that Purtilo failed to preserve error by filing a motion in arrest of judgment. *Harrington*, 893 N.W.2d at 43 ("[W]e hold that offenders in a habitual offender proceeding must preserve error in any deficiencies in the proceeding by filing a motion in arrest of judgment.").

---

[1] Section 123.91 was amended effective July 1, 2019 to eliminate the enhancements for second and subsequent alcoholic beverage convictions:

> Any person who has been convicted, in a criminal action, in any court of record, of a violation of a provision of this chapter *except for a violation of section 123.46*, a provision of the prior laws of this state relating to alcoholic liquors, wine, or beer which was in force prior to the enactment of this chapter, or a provision of the laws of the United States or of any other state relating to alcoholic liquors, wine, or beer, and who is thereafter convicted of a subsequent criminal offense against any provision of this chapter is guilty of the following offenses:
> 1. For the second conviction, a serious misdemeanor.
> 2. For the third and each subsequent conviction, an aggravated misdemeanor.

Iowa Code § 123.91; *but see* 2019 Iowa Acts. ch. 140, § 42. The amendment does not apply to Purtilo, whose conviction and sentence became final before the effective date.

Purtilo agrees he "did not file a motion in arrest of judgment," but he argues "[t]here is nothing in the guilty plea form" that indicated his plea to "2 prior" convictions "was tied to the right to challenge that so-called stipulation through a motion." *See Smith*, 924 N.W.2d at 851 ("[N]o offender in a habitual offender stipulation proceeding should suffer *Harrington*'s error preservation sanction unless the court has complied with its duty under *Harrington* to inform the offender that challenges to the stipulation proceedings must be raised in a motion in arrest of judgment and the failure to do so precludes raising those challenges on appeal."); *State v. Fisher*, 877 N.W.2d 676, 681 (Iowa 2016) (stating a written waiver would suffice as an adequate substitute in certain misdemeanor cases). To the contrary, the guilty plea form Purtilo signed informed him he would have to file a motion in arrest of judgment "at least five days before sentencing" and "[o]therwise it will be too late." The form also stated he would "have no appeal and no other way to complain about the way the court accepted [his] plea" at a later date. Finally, the form stated he gave up "the right to file a motion in arrest of judgment." Because Purtilo was advised that his failure to challenge the plea by filing a motion in arrest of judgment would foreclose his right of appeal and he nonetheless relinquished his right to file the motion, error was not preserved, and we decline to consider his challenge to the manner in which the sentencing enhancements were imposed.

We affirm Purtilo's conviction, judgment, and sentence for public intoxication, third or subsequent offense.

**AFFIRMED.**