# IN THE COURT OF APPEALS OF IOWA

No. 18-1995
Filed February 19, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PATRICK F. WILLIAMS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.

Defendant appeals his convictions for possession of methamphetamine and driving while barred. **AFFIRMED.**

Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Schumacher, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

Patrick Williams appeals his convictions of possession of methamphetamine and driving while barred. We determine Williams's claim of ineffective assistance of counsel should be preserved for possible postconviction-relief proceedings. We affirm Williams's convictions.

## I.     Background Facts & Proceedings

Williams was charged with possession of a controlled substance (methamphetamine), in violation of Iowa Code section 124.401(5) (2018), third or subsequent offense, and driving while barred, in violation of section 321.561. The State also alleged Williams was a habitual offender.

On October 26, 2018, Williams signed a written petition to plead guilty in which he agreed to plead guilty to an amended charge of possession of a controlled substance, second offense, and driving while barred and to be sentenced to consecutive terms of imprisonment. The written plea stated the maximum sentence was "[i]mprisonment for not more than two years and/or a fine of not more than $6250." No minimum sentence was given. The written plea stated a motion in arrest of judgment needed to be filed to contest the plea.

The district court accepted Williams's guilty pleas. Williams agreed to immediate sentencing. The sentencing order states, "Defendant waived reporting and record of the sentencing hearing." Williams was sentenced to a term of imprisonment not to exceed two years on each count, to be served consecutively. He now appeals.[1]

---

[1] Recent legislation "denies a defendant the right of appeal from a guilty plea, except for a guilty plea to a class 'A' felony or in a case where a defendant

## II.    Motion in Arrest of Judgment

Williams claims the district court improperly accepted his guilty plea because it was not knowing and voluntary.  He did not file a motion in arrest of judgment.  "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."  Iowa R. Crim. P. 2.24(3)(a).  Williams was informed of the need to file a motion in arrest of judgment in the written plea agreement, which stated, "To contest this plea I must file a Motion in Arrest of Judgment within 45 days after this plea but no later than 5 days prior to sentencing."  *See State v. Smith*, 924 N.W.2d 846, 851 (Iowa 2019) (finding a defendant is not barred from challenging a guilty plea if the defendant is not informed of the need to file a motion in arrest of judgment).  We determine Williams may not directly challenge his guilty plea because he did not file a motion in arrest of judgment unless the failure to file the motion was due to ineffective assistance of counsel.

## III.    Ineffective Assistance

In the alternative, Williams claims he received ineffective assistance because defense counsel did not file a motion in arrest of judgment.  The bar to challenging a guilty plea does not apply when a defendant claims the failure to file a motion in arrest of judgment is due to ineffective assistance of counsel.  *State v. Kress*, 636 N.W.2d 12, 19 (Iowa 2001).  "Thus, even if [defendant] failed to

---

establishes good cause."  *State v. Draine*, 936 N.W.2d 205, 206 (Iowa 2019) (citing 2019 Iowa Acts ch. 140, § 28).  The effective date for this legislation is July 1, 2019.  The statute is not applied retroactively and is not applicable in this appeal. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

preserve his claim by filing a motion in arrest of judgment, we can consider whether the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel." *State v. Bearse*, 748 N.W.2d 211, 219 (Iowa 2008).

Williams contends defense counsel should have filed a motion in arrest of judgment because his plea was not knowing and voluntary, as the written petition to plead guilty did not adequately inform him of the consequences of his plea. He states the form did not specify he could be sentenced to a two-year term of imprisonment or assessed a fine on each charge. The form did not give any indication of a minimum sentence or minimum fine. Williams also states some of the language on the form related only to the charge of possession of methamphetamine and not to the charge of driving while barred.

We normally preserve claims of ineffective assistance of counsel for postconviction-relief proceedings. *State v. Trane*, 934 N.W.2d 447, 465 (Iowa 2019). We resolve claims on direct appeal only when the record is adequate. *State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019). By preserving claims of ineffective assistance for postconviction proceedings, "an adequate record of the claim can be developed." *State v. Harrison*, 914 N.W.2d 178, 209 (Iowa 2018). This gives defense counsel an opportunity to explain the actions taken in the case. *Trane*, 934 N.W.2d at 465. "Normally, cases involving issues of trial strategy and tactical decisions require postconviction proceedings to develop the record adequately." *State v. Hopkins*, 860 N.W.2d 550, 556 (Iowa 2015).

We determine Williams's claim of ineffective assistance of counsel should be preserved for possible postconviction-relief proceedings because the record is inadequate. This will give Williams an opportunity to testify concerning his

understanding of the written petition to plead guilty, as well as giving defense counsel the ability to discuss the strategy and tactical decisions taken in the case. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("[A] lawyer is entitled to his day in court, especially when his professional reputation is impugned.").

We affirm Williams's convictions. We do not address his claim of ineffective assistance of counsel in this direct appeal.

**AFFIRMED.**