# IN THE COURT OF APPEALS OF IOWA

No. 20-0175
Filed October 20, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SHERRY FAYE MOSLEY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, James B. Malloy, District Associate Judge.

Defendant appeals her convictions for possession of methamphetamine, second offense; possession of marijuana, third offense; and third-degree theft. **APPEAL DISMISSED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

After pleading guilty, Sherry Mosley appeals her convictions for possession of methamphetamine, second offense; possession of marijuana, third offense; and third-degree theft. In support of her right to appeal, Mosley raises three separate constitutional challenges to Iowa Code section 814.7 (Supp. 2019): separation of powers, equal protection, and due process. In the alternative, Mosley argues even if section 814.7 is constitutional, she has demonstrated good cause to appeal.

Mosley's constitutional challenges to section 814.7 have been resolved by our supreme court.[1] As such, we reject her constitutional arguments. *See State v. Tucker*, 959 N.W.2d 140, 147 (Iowa 2021) (holding section 814.7 does not violate equal protection or separation-of-powers); *State v. Treptow*, 960 N.W.2d 98, 108 (Iowa 2021) (holding statute requiring ineffective-assistance-of-counsel claims to be resolved in the first instance in postconviction-relief proceedings rather than on direct appeal did not violate due process rights).

We find Mosley has not shown good cause for a direct appeal from her guilty pleas because she is not raising a sentencing issue or alleging incompetency. As Mosley has not preserved error on the issues she seeks to raise concerning the denial of the motion in arrest of judgment, we do not grant discretionary review of her claims. Accordingly, the appeal must be dismissed.

I.      **Background Facts & Proceedings**

On September 10, 2019, Mosley was charged by trial information with third-offense possession of methamphetamine, in violation of Iowa Code section

---

[1] We recognize counsel was without the benefit of the supreme court guidance on her challenges to Iowa Code section 814.7 at the time of briefing.

124.401(5) (2019), a class "D" felony; third-offense possession of marijuana, in violation of Iowa Code section 124.401(5), a class "D" felony; and third-degree theft, in violation of Iowa Code sections 714.1(1) and 714.2(3), an aggravated misdemeanor. The following month, on October 29, 2019, Mosley signed written guilty pleas to possession of methamphetamine, second offense, in violation of Iowa Code section 124.401(5), an aggravated misdemeanor; possession of marijuana, third offense, in violation of section 124.401(5), an aggravated misdemeanor; and theft in the third degree, in violation of sections 714.1(1) and 714.2(3), an aggravated misdemeanor, as originally charged.[2] The written plea agreements state she had "previously been convicted of a violation of chapter 124" and "twice been convicted of possession of marijuana."

Mosley filed a motion in arrest of judgment on November 20. She claimed she was not guilty and had "only entered a plea of guilty because she thought she had to do so." Following a hearing, the court denied the motion in arrest of judgment, finding "[t]he defendant's pleas were not factually deficient." The court concluded the pleas were entered voluntarily and knowingly.

On January 8, 2020, Mosley was sentenced to a term of imprisonment not to exceed two years on each of the charges, to be served consecutively. Mosley appeals.

## II.    Right to Appeal

Under legislation that became effective on July 1, 2019, a defendant does not have a right to a direct appeal from a guilty plea when the crime they pled guilty

---

[2] The trial information was amended to conform to the written pleas of guilty.

to was something other than a class "A" felony unless "the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3) (Supp. 2019). The Iowa Supreme Court has determined there is good cause to appeal "when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme,* 944 N.W.2d 98, 105 (Iowa 2020). An issue of competency to enter a guilty plea may also be considered a good cause. *See State v. Chindlund,* No. 20-1368, 2021 WL 2608944, at *2 (Iowa Ct. App. June 30, 2021). When a defendant has not presented a "legally sufficient reason" for a direct appeal of a guilty plea, there is no right to appeal. *State v. Allen,* No. 20-0124, 2021 WL 1399753, at *2 (Iowa Ct. App. Apr. 14, 2021).

Mosley asserts that she has good cause to appeal because her guilty pleas were not made knowingly and voluntarily. She does not challenge the sentence imposed. We find Mosley has not shown good cause for a direct appeal from her guilty plea because she is not raising an issue of sentencing or competency.

## III. Discretionary Review

We may grant discretionary review of "[a]n order denying a motion in arrest of judgment on grounds other than an ineffective assistance of counsel claim."[3] Iowa Code § 814.6(2)(f). An application for discretionary review may be granted "upon a determination that (1) substantial justice has not been accorded the applicant, (2) the grounds set forth in [Iowa Rule of Appellate Procedure] 6.104(1)(d) for an interlocutory appeal exist, or (3) the grounds set forth in any statute allowing discretionary review exist." Iowa R. App. P. 6.106(2).

---

[3] Mosley filed a notice of appeal, not an application for discretionary review. When a party seeks the wrong form of review, we may proceed as though the proper form of review was filed. *See* Iowa R. App. P. 6.108.

Mosley's motion in arrest of judgment did not claim she received ineffective assistance of counsel. She claimed she was not guilty and had "only entered a plea of guilty because she thought she had to do so." The court denied her motion in arrest of judgment.

Mosley raises a different issue on appeal. She contends that her stipulations to prior drug-related convictions were not made knowingly and voluntarily. She concedes this issue was not raised in her motion in arrest of judgment but asserts that she was not adequately informed she needed to raise the issue in such a motion. A defendant must be informed "that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Iowa R. Crim. P. 2.8(2)(d); *see also* Iowa R. Crim. P. 2.24(3)(a). When a defendant has not been adequately informed that the failure to file a motion in arrest of judgment precludes the ability to challenge a guilty plea, the defendant is not precluded from challenging the guilty plea. *State v. Smith*, 924 N.W.2d 846, 851 (Iowa 2019).

Mosley's written guilty pleas stated:

> I have discussed with my attorney and understand that to contest the adequacy of my guilty plea, I must do so within forty-five (45) days from the entry of my plea and no later than five (5) days prior to sentencing by filing a Motion in Arrest of Judgment, as provided in Iowa Rule of Criminal Procedure 2.24(3). This motion is jurisdictional. If I fail to file it within the time limits prescribed, I will lose my right to appeal the validity of the guilty plea.

There must be substantial compliance with rule 2.8(2)(d). *Damme*, 944 N.W.2d at 108. A defendant may be adequately informed through the language in a written guilty plea. *State v. Barnes*, 652 N.W.2d 466, 467 (Iowa 2002). The

written guilty pleas signed by Mosley substantially comply with the requirement to inform her any challenge to her guilty plea must be raised in a motion in arrest of judgment and the failure to challenge the guilty plea in such a motion precluded her ability to contest the guilty plea proceedings on appeal.

Mosley contends she should have been specifically informed that she needed to file a motion in arrest of judgment in order to challenge the stipulation that she had been convicted of prior drug-related offenses. *See Smith*, 924 N.W.2d at 851 (finding a court has a duty to inform a defendant that challenges to a stipulation to previous offenses "must be raised in a motion in arrest of judgment and the failure to do so precludes raising those challenges on appeal"). *Smith* involved habitual offender proceedings, not a guilty plea. *Id.* at 848. Although the court informed Smith of the right to file a motion in arrest of judgment, Smith was not informed of the consequences of failing to file a motion. *Id.* The Iowa Supreme Court concluded the district court did not substantially comply with its duty under rule 2.8(2)(d). *Id.* at 851.

We find *Smith* is not applicable in the present circumstances. Mosley was informed of the consequences of a failure to file a motion in arrest of judgment. We conclude she has not preserved error on her claim that her stipulations to prior drug-related convictions were not made knowingly and voluntarily because the issue was not raised in a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a). Because Mosley has not preserved error on the issues she seeks to raise concerning the denial of the motion in arrest of judgment, we do not grant discretionary review of her claims. *See* Iowa R. App. P. 6.106(2).

As Mosley's appeal cannot be considered on direct appeal and we do not grant discretionary review, the appeal must be dismissed.

**APPEAL DISMISSED.**