# IN THE COURT OF APPEALS OF IOWA

No. 24-1513
Filed October 1, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BOBBY GLENN AGAN III,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Adair County, Elisabeth Reynoldson (motions) and Stacy Ritchie (trial), Judges.

A criminal defendant appeals his convictions for possession of drugs and ammunition as a prohibited person. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**BULLER, Judge.**

Bobby Agan III appeals his convictions for possessing drugs and ammunition as a prohibited person. He challenges the search warrant leading to discovery of that contraband, sufficiency of the evidence he possessed it, and the adequacy of his written stipulation to prior convictions. We affirm in part, reverse in part, and remand with directions to address the prior-convictions issue.

## I. Background Facts and Proceedings

Law enforcement officers from multiple agencies obtained and planned to execute a search warrant at Agan's residence. When officers first knocked on the door multiple times, no one responded. But deputies positioned nearby saw someone turn a light on and off inside the home. Ten or fifteen minutes later and accompanied by the nearby deputies, they approached again, knocked multiple times, announced the warrant, and forced entry.

The officers announced themselves through the open door, and now Agan yelled back. Police found Agan's female friend pretending to be asleep on the floor in the living room. She did not live in the residence, and her belongings were in a camper elsewhere on the property. Officers found drugs near her, for which she was separately charged.

A search of Agan's home office turned up a baggie containing a trace amount of methamphetamine on the desk between a box of sports trading cards (which police knew Agan to collect) and Agan's laptop. His diploma was on the wall above the desk. As police described it, "miscellaneous drug paraphernalia"—baggies, pipes, and other smoking devices with residue—were found on the office shelves. Nothing belonging to anyone but Agan was found in the office. And Agan

was familiar enough with surveillance equipment in the office to later show police how to use it.

In Agan's living room, officers found ammunition for a .38 special handgun. A confidential informant previously told police Agan had exactly that firearm. A cupboard near the kitchen contained additional ammunition. And a secret compartment in the mudroom—which a tipster had told police about—contained more ammunition for other firearms, an ammo can, and "swords of some sort." In total, police recovered hundreds of rounds of live ammunition.

The county attorney charged Agan by amended trial information with possession of a controlled substance—third or subsequent offense, a class "D" felony in violation of Iowa Code section 124.401(5) (2024), and possession of ammunition as a prohibited person, a class "D" felony in violation of section 724.26(2)(a). Agan stipulated that he was prohibited from possessing firearms or ammunition because there was a no-contact order between him and an intimate partner.

Before trial, Agan moved to suppress fruits of the search of his home. He challenged the search on two bases relevant to this appeal: seeking a *Franks v. Delaware*, 438 U.S. 154 (1978), hearing challenging the credibility of statements in the warrant application and urging the warrant lacked probable cause. The court denied the *Franks* hearing and found the warrant supported by probable cause.

The jury found Agan guilty as charged, and he stipulated in writing to two prior drug convictions. The district court sentenced Agan to concurrent five-year terms in prison. He appeals.

## II.    Discussion

Agan advances three claims on appeal, challenging the search warrant, sufficiency of the evidence, and the prior-convictions stipulation.  We address each claim under the appropriate standard of review.

### A.  The Search Warrant

In the affidavit supporting the search warrant, a deputy sheriff set forth his education, training, and experience as a certified peace officer.  He then described Agan's admission to kicking in the back door of a residence where property was reported stolen.  And he recounted that Agan told a third party he returned to that residence multiple times—a statement the deputy attributed to witness D.R.  The affidavit also reported a neighbor told a deputy that she saw unknown persons loading some of the missing items into a vehicle on a second date.  When questioned about going to that residence, Agan told deputies his aunt had driven him there in a Chevy—but the deputy learned that aunt died in 2019, and the only car seen at the residence was a Dodge.  The deputy also documented Agan's "numerous burglary and theft charges."  A magistrate authorized a search of Agan's person, his home, any campers and outbuildings on the property, and any persons on the property.

It turns out the information the deputy attributed to witness D.R. was actually from D.R.'s girlfriend, but it was relayed to the deputy through D.R. providing the deputy with the girlfriend's written statement.  The deputy testified his vague or incorrect attribution was a "mistake" and he "should have stated that better," referring to what he described as a "third-party statement."  The deputy also

testified that he never ran criminal-history searches on witnesses for purpose of including that information in a warrant application, and he had not done so here.

After hearing evidence, the district court concluded the deputy made an "unintentional mistake" that "does not affect the veracity or weight of the content of the statement." The court expressly found there was "no allegation and no evidence to support any allegation that any statement in the search warrant application" was made with knowledge it was false or with reckless disregard for the truth. The court orally denied the *Franks* motion. And the court found probable cause supporting the warrant after taking the matter under advisement, reasoning there was probable cause to believe evidence of a crime could be found at Agan's property based on his false statements to police, his criminal history, and D.R.'s/D.R.'s girlfriend's statement about his return to the property from which items were reported stolen.

Agan argues that he was entitled to a *Franks* hearing and that the warrant was not supported by probable cause.

### 1. *Franks* Hearing

To obtain a *Franks* hearing, a criminal defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 155–56. The defendant bears the burden to prove intentional falsity or reckless disregard for the truth by a preponderance of the evidence. *State v. Harbach*, 3 N.W.3d 209, 218 (Iowa 2024). Such a showing is "not lightly met." *Id.* (quoting *United States v. Butler*, 594 F.3d 955, 961 (8th Cir. 2010)). And we review the district court's determinations on this question de novo. *Id.* at 217.

Agan first points to the mix-up over whether it was D.R. or D.R.'s girlfriend that informed the deputy about Agan's admission to going back to the residence. He claims, without support in the record, that the deputy deliberately misattributed the statement. On our review, we find the deputy's testimony (which the district court accepted) speaks for itself: he made a mistake and "should have stated [it] better" by specifying that D.R. gave a written statement to law enforcement that originated with D.R.'s girlfriend. Assuming without deciding the affidavit's attribution language was "false" rather than ambiguous, we—like the district court—conclude this mistake by the deputy does not nearly rise to the level of an intentional falsehood or reckless disregard for the truth. And we specifically reject Agan's appellate contention that the deputy deliberately misattributed the statement to avoid the informant-reliability worksheet; that argument wasn't even made below. As the State says in its appellate brief, the vague attribution language was "negligent at worst," and negligence does not warrant relief. *See State v. McPhillips*, 580 N.W.2d 748, 751 (Iowa 1998); *State v. Niehaus*, 452 N.W.2d 184, 187 (Iowa 1990).

Next, Agan makes a complaint that—as we understand it—asserts the deputy inaccurately described the surveillance footage. But Agan did not argue this issue below, did not develop any evidence regarding it at the suppression hearing, and did not obtain a ruling on it. This issue is unpreserved, and we address it no further. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). But we note that, if we were to reach the merits, it would be no ground for relief. There's no evidence in the record that the surveillance-footage description was intentionally false or made with reckless disregard for the truth.

Third, Agan claims that the failure to include the criminal history for D.R. was done with reckless disregard for the truth. But the deputy testified—and the district court credited—that neither he nor other deputies in his department routinely run criminal-history searches on witnesses whose statements are included in warrant applications. Agan cites no authority requiring such searches, and we are aware of none. So we reject this claim and affirm the district court's conclusion Agan was not entitled to a *Franks* hearing.

## 2. Probable Cause

Under the state and federal constitutions, a search warrant may only issue upon probable cause. *Harbach*, 3 N.W.3d at 217. Although we generally review constitutional questions de novo, our supreme court has expressly cited this passage from *Illinois v. Gates*, which substantially circumscribes our review:

> We have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's determination of probable cause should be paid great deference by reviewing courts. A grudging or negative attitude by reviewing courts toward warrants is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant[;] courts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner.

*Illinois v. Gates*, 462 U.S. 213, 236 (1983) (cleaned up); *accord Harbach*, 3 N.W.3d at 221. We do not independently review probable-cause determinations, but instead "review the information actually presented to the judge and determine whether the issuing judge had a substantial basis for concluding that probable cause existed." *See Harbach*, 3 N.W.3d at 217 (citation omitted). Our review is "deferential" in the sense that we do not "strictly scrutinize the sufficiency of the underlying affidavit," we review the affidavit in a "common sense, rather than

hypertechnical, manner," and we "decide close cases in favor of upholding the validity of the warrant." *Id.* at 217, 225 (citations omitted).

With this deferential standard of review in mind, we agree with the district court's conclusion that the magistrate had a substantial basis for finding probable cause. The warrant application identified false statements by Agan to police, his presence at a reported crime scene, his criminal history of burglaries and thefts, and his admissions to D.R./D.R.'s girlfriend. We conclude this amounted to probable cause on the facts of this case. And even if we thought this was a close call, Agan would still not be entitled to relief: "Because warrants are preferred, we resolve all doubts in favor of their validity." *State v. Mehner*, 480 N.W.2d 872, 875 (Iowa 1992). We affirm the district court's probable-cause finding.

### B. Sufficiency of the Evidence

On appeal, Agan concedes the baggie contained methamphetamine and he was prohibited from possessing the ammunition found at his house. But he contends there was insufficient evidence he knowingly possessed that contraband.

We review sufficiency claims for correction of errors at law. *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). A verdict supported by substantial evidence binds us. *Id.* "In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted).

The jury was correctly instructed that it could return a guilty verdict based on either actual or constructive possession and either sole or joint possession. Specific to these concepts, the jury was told:

> A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it. A person's mere presence at a place where a thing is found or proximity to the thing is not enough to support a conclusion that the person possessed the thing.
>
> If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

And these instructions are in accord with the case law. *See, e.g.*, *State v. Maxwell,* 743 N.W.2d 185, 193 (Iowa 2008); S*tate v. Webb,* 648 N.W.2d 72, 79 (Iowa 2002).

Given the jury instructions and the applicable standard of review, we have little trouble concluding the jury acted reasonably when it found Agan constructively possessed the drugs and the ammunition. The contraband was not found among indicia of anyone's possessions other than Agan. The drugs were found in a baggie in Agan's home office, near items he was known to use, a surveillance system he was familiar with, and his diploma. The shelves with miscellaneous other paraphernalia also support an inference that the baggie was not dropped there by a guest but instead left by the office's frequent occupant. Similarly, the sheer quantity of ammunition found—hundreds of rounds in multiple hidden and obvious locations—supports an inference that Agan must have known of it. And the jury was free to consider the confidential informant's report that Agan owned or used a .38 special handgun matching some of the ammunition. All this evidence, viewed in light most favorable to the State, was substantial evidence requiring us to affirm.

### C. Prior Convictions

Last, Agan contends his stipulation to his prior convictions was inadequate under *State v. Harrington*, 893 N.W.2d 36, 43, 45–46 (Iowa 2017). The State concedes both that Agan was not advised of the need to file a motion in arrest of judgment and that the colloquy was materially deficient. *See Harrington*, 893 N.W.2d at 45–46; *State v. Smith*, 924 N.W.2d 846, 851 (Iowa 2019). Given the state of the record and the supreme court's case law, we accept the concession. That said, we recognize we are reversing the district court on an error Agan invited below—based on a written stipulation crafted by Agan and his attorney—absent any indicia of prejudice. However, *Harrington* and *Smith* bind us. *E.g.*, *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent."). So we vacate the recidivist portion of Agan's conviction for possession of a controlled substance and the resulting sentence, and we remand with directions for either a proper stipulation colloquy or trial on the enhancement, followed by a new judgment and re-sentencing. *See State v. Coleman*, 907 N.W.2d 124, 148 (Iowa 2018).

### III. Disposition

We affirm the district court's suppression rulings and the jury's verdict. We affirm the conviction for possession of ammunition as a prohibited person and the non-recidivist drug conviction. And we vacate the recidivist drug enhancement and remand with directions for either a proper stipulation colloquy or trial on the enhancement, followed by a new judgment and re-sentencing.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**